HOBSON, Acting Chief Judge.
This is an appeal by appellant from a Final Judgment which equates the Department of Citrus with a corporation described by Chapter 608, Florida Statutes, F.S.A., and which granted plaintiff-appel-lee reimbursement from the funds of the Department of Citrus for attorney fees to be paid for defense of a criminal indictment.
Appellee, O. D. Huff, Jr., was a member and chairman of the Florida Citrus Commission, now the Department of Citrus. He was indicted on several counts by the Grand Jury of Polk County, Florida. Charges arose from certain acts he allegedly performed while chairman of the Florida Citrus Commission. Informations were subsequently filed against him in the Criminal Court of Record, Polk County, charging the same offenses. Plaintiff’s privately obtained attorney filed successful motions dismissing the charges on grounds that undisputed facts showed no criminal act on the part of plaintiff, and that plaintiff had no knowledge of any criminal acts that might have been committed. No appeal was taken by the State in that action.
In March, 1972, plaintiff filed a complaint in the Circuit Court of the Tenth Judicial Circuit of Florida, in and for Polk County against the Department of Citrus. This complaint sought indemnification and reimbursement of attorney fees in the criminal action. Appellant answered denying allegations of the complaint. A Motion to Intervene and Answer were filed by the Attorney General of Florida. At pretrial hearing the Petition for Intervention and a Motion to File an Amended Complaint were granted. An Amended Complaint was 'filed on April 24, 1972. The Amended Complaint was answered on May 2, 1972. Stipulation of Facts was entered. Notice of Hearing was filed and trial was held on June 13, 1972. Final Judgment was entered for appellee on August 1, 1972, which judgment awarding appellee attorney fees is the subject of this appeal.
The appellant was established by the legislature and derives its existence from Fla.Stat. § 20.29, F.S.A. and Fla.Stat. Chapter 601, F.S.A. Fla.Stat. § 601.02, F. S.A. delineates the purposes for which the appellant was created, which is purely public in nature to protect health and welfare and to stabilize and protect the citrus industry of the State of Florida, which in turn will promote the general welfare and social and political economy of the state. In view of the purpose for which the appellant was created, there can be no doubt but that it is a public corporation.
*132 Florida Statute § 601.05 F.S.A. reads as follows:
“601.05 Department of Citrus a Body Corporate. — The department of citrus shall be a body corporate, and shall have power to contract and be contracted with, and shall have and possess all the powers of a body corporate for all purposes necessary for fully carrying out the provisions and requirements of this chapter. The department of citrus shall adopt a corporate seal with which it shall authenticate its proceedings.” (emphasis added)
Appellee contends that by the legislature designating appellant a “body corporate,” appellant has all of the duties and powers conferred upon private corporations as set out in Fla.Stat. Chapter 608, F.S.A. Fla. Stat. § 608.13(14) (c), F.S.A. provides that when a director, officer, employee or agent of a corporation established under said chapter has been successful in defense of a criminal action, as was the appellee, he shall be entitled to indemnification of attorney fees incurred by him in the defense of such action.
As was pointed out in Rees v. Olmsted, 135 F. 296, 6th Cir. 1905, the mere fact that the legislature declares a board to be a “body corporate” does not of itself confer full corporate powers and rights. We must look to the board’s powers and duties, as drawn from the entire act, to determine whether the legislature intended to make the board a corporation.
In reading Fla.Stat. Chapter 601, F.S.A., it becomes clear that the legislature intended that the appellant was created to promote the general welfare of the Florida citrus industry, which in turn promotes the general welfare and social and political economy of the state, and not to give them full corporate powers and rights set forth in Fla.Stat. Chapter 608, F.S.A.
Fla.Stat. § 601.05, F.S.A. grants to the appellant all the powers of a body corporate for all purposes necessary for fully carrying out the provisions and requirements of Chapter 601. As previously stated, the provisions and requirements of Chapter 601 are to protect the health and welfare and to stabilize and protect the citrus industry of Florida.
We hold that the trial court erred in judicially determining the appellant tp be a corporation with full corporate powers and duties given private corporations under Fla.Stat. Chapter 608, F.S.A.
Therefore, the final judgment awarding appellee reimbursement of attorney fees from the funds of the appellant is hereby
Reversed.
McNULTY and BOARDMAN, JJ., concur.