SMITH, Judge.
The Governor, Attorney General and State Attorney for the Fifth Judicial Circuit appeal from a Circuit Court judgment issuing a writ of mandamus to compel ap-pellee Nicholson, Clerk of the Circuit Court of Marion County, to withdraw orders issued by Nicholson to stop payment of county warrants delivered to the appellee law firms. Marion County ordinance 76-10 authorizes payment of public funds for reasonable attorney fees incurred by any past or present county commissioner in defending successfully a prosecution for violation *1247 of the open public meetings law, Section 286.011, Florida Statutes (1975). The principal issues are whether the ordinance violates Article II, Section 5(c), Florida Constitution, and Chapter 145, Florida Statutes, limiting the compensation of state and county officers, or unlawfully authorizes the expenditure of public funds for a private purpose.
A preliminary issue, which we need not decide, is whether mandamus was in any event a suitable remedy to require the clerk to withdraw stop payment orders on the warrants, an act related to his audit function under Article V, Section 16, and Article VIII, Section 1(d), Florida Constitution. See Mayes Printing Co. v. Flowers, 154 So.2d 859 (Fla. 1st DCA 1963). In order to secure a decision on the merits and to avoid further trial court litigation on what is essentially a matter of law, counsel for the Governor, Attorney General and State Attorney at oral argument abandoned their position that the action required of the clerk was discretionary rather than ministerial and so not subject to mandamus. With the case in this posture, we have concluded also that the circuit court did not err in permitting those officers to intervene in what previously was a controversy between the warrant payees and the clerk, who has not appealed. Allowing intervention, the circuit judge authorized intervenors to raise any issue the clerk might have raised concerning the validity of the ordinance and, in his discretion, did not restrict the interve-nors to participation “in subordination to, and in recognition of, the propriety of the main proceeding.” Fla.R.Civ.P. 1.230. Ap-pellees’ cross-appeal has not demonstrated error in the trial court’s order allowing the Governor, Attorney General and State Attorney full participation as intervenors.
Ordinance 76-10 does not authorize an unlawful supplement to the compensation of county officers provided by Article II, Section 5(c) of the Constitution and Chapter 145, Florida Statutes (1975). It is of course true that Section 145.031 specifies salaries for county commissioners which under Section 145.17 “shall be the sole and exclusive compensation of the officers whose salary is established.” But, though the compensation of sheriffs is similarly fixed by Section 145.071, and is subject to the same prohibition of additional compensation, the legislature has authorized reimbursement of attorney fees incurred by law enforcement officers in successfully defending civil or criminal actions against them for conduct arising out of the performance of their duties. Section 111.065, Florida Statutes (Supp.1976). It is evident that the legislature did not consider such reimbursement additional compensation proscribed by Section 145.17. Moreover, there is no difference for purposes of this issue between reimbursement of criminal litigation expenses and reimbursement of civil litigation expenses. This court has approved municipal provision of a legal defense for a municipal officer sued as such for defamation. Duplig v. City of South Daytona, 195 So.2d 581 (Fla. 1st DCA 1967).
The closer question is whether ordinance 76-10, by authorizing payment of county funds for the commissioners’ defense of criminal charges arising under the open public meetings law, is invalid as expending public funds for a private purpose. We note that the ordinance in question is narrowly drawn; that it does not purport to authorize reimbursement or payment for legal expenses of commissioners charged with bribery, acceptance of unauthorized compensation, or other general criminal statutes; and that the ordinance benefits only those commissioners whose alleged offense was conducting public business in private, and who were not found guilty. The charge made against the commissioners in this case, which was abandoned at trial, was that they knowingly and unlawfully attended a closed county commission meeting to take official action in locating and establishing a public road.
In enacting ordinance 76-10, the county commission found a public purpose would be served by paying the attorney fees of commissioners and other persons in county office who were unsuccessfully prosecuted:
*1248 “It is necessary to encourage the continued participation in county government by individuals appointed to various county agencies, authorities, boards and commissions by limiting the potential liability to said persons of having to expend their own funds for the payment of reasonable attorney’s fees when said persons are charged with violation and/or violations of any of the provisions of the Government in the Sunshine Law of the State of Florida, Chapter 286.011, Fla.Stat., when said persons are subsequently acquitted and/or the charges against said persons are dismissed.
“It is necessary to encourage all qualified persons to seek election to the Board of County Commissioners of Marion County, by alleviating the potential liability to them of having to expend their own funds when said persons are charged with violation and/or violations of any of the provisions of the Government in the Sunshine Law of the State of Florida, Chapter 286.011, Florida Statutes and said persons are subsequently acquitted and/or the charges are dismissed against said persons.”
Having no concern for the wisdom of the ordinance, we find that it is addressed to a declared public purpose which has been recognized by the legislature in other contexts. Section 112.44, Florida Statutes (1975) authorizes the Senate to provide for payment of reasonable attorney fees and costs of an officer suspended by the Governor and reinstated by the Senate. Section 111.065, Florida Statutes (Supp.1976) makes similar provision for law enforcement officers who successfully defend criminal and civil prosecutions for conduct arising out of their official duties. In the light of these legislative precedents, we cannot say the legislative authority in Marion County unlawfully imagined a public purpose in bearing with public funds certain costs of unjustified criminal prosecutions of county officers for meeting as a public body otherwise than as permitted by Section 286.011. The judicial question is not whether we would more fervently desire legislation benefiting police officers than legislation benefiting county commissioners, but rather whether the Constitution or statutes deny counties the legislative power to find a public purpose in such provisions. Neither the public meetings law nor any statute to which our attention has been called proscribes such reimbursement.
Appellants argue that the impropriety of the ordinance’s finding of a public purpose is beyond debate. Their brief states:
“[Appellants] submit that the public or county interest is in the prosecution of said public officials and not in their defense. There is no public or county interest in defending a public official accused of violating the Government in the Sunshine Law, Section 286.011, F.S., because in fact the public trust requires that public officials be held accountable in strictly complying with Chapter 286, Florida Statutes.”
We agree that public meetings should be held in compliance with Section 286.011, that officials violating that law may properly be prosecuted, and that there is no public interest in defending guilty officials from prosecution. But it does not follow, absent general law declaring it, that the legislative body of a county is incompetent to relieve innocent officials, prosecuted as officials for conduct while discussing or taking action on county business, from the financial burden of unjustified prosecutions. State Dep’t of Citrus v. Huff, 290 So.2d 130 (Fla. 2d DCA 1974) is not to the contrary, for it involved no enabling legislation. Decisions from other states relied on by appellants were concerned with entirely different circumstances.
The other points urged by appellants are unavailing.
AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.