Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. When a complaint is filed with the Florida Commission on Ethics against a county officer, is said officer entitled ipso facto or in certain circumstances to expend the funds of his office toward the cost of the legal services incurred by him in responding to the complaint?
2. If there are certain circumstances only in which public money may be expended for payment of attorney's fees, what documentation must be provided in the public records of the officer for auditing purposes so that an adequate determination may be made as to whether the proper circumstances are present in a specific case?
3. If there is authority for payment of such fees, does such include authority to pay for costs incurred in collateral actions taken before the commission or the courts regarding the complaint?
SUMMARY:
When a complaint is filed with the Ethics Commission against a county officer, such officer is not authorized or entitled ipso facto to expend the funds or income of his office to defray the cost of the legal services incurred by him in defending against or responding to said complaint or in collateral actions taken before the commission or the courts regarding such complaints and, absent statutory authority, express or necessarily implied, there existno circumstances authorizing or entitling him to do so. While the statutes do not and the Attorney General may not prescribe any particular form or manner of documentation for such expenditures by county officers, they are required by law to enter into their public records information fully sufficient to demonstrate to the postauditor and the public the legality of any such expenditures, and with such explicitness as to permit the postauditor to determine whether any such expenditures are authorized by law and otherwise to perform a proper audit.
Your questions appear to be based on the following factual situation. A certain county officer (a fee officer) has utilized the public funds of his office to pay for legal services relative to a complaint filed against him with the Florida Commission on Ethics by a private citizen. Specifically, he filed a petition for a writ of prohibition which questioned the jurisdiction of the Ethics Commission to hear the complaint. The writ was granted and the officer then proceeded, pursuant to s. 112.317(8), F. S., to file a legal action before the commission against the private citizen who filed the original complaint charging that the complaint was filed maliciously and seeking recovery of all costs and attorney's fees incurred by him. The commission denied recovery.
The officer utilized public funds of his office to pay the attorney's fees connected with his seeking the Writ of Prohibition and with his suit to recover costs and attorney's fees from the citizen who filed the original complaint against him. However, in the public records of the officer, there is nothing specifying in what way the expenditure for attorney's fees and costs serves the public purpose of his office. Your problem arises because of the insufficiency of any evidence in the public records of the office showing such public purpose, rendering impossible the proper audit. Hence, you have sought an opinion of this office as to the circumstances under which payment of attorney's fees and legal costs for county officers out of public funds is permissible and as to what information is required to be furnished the Auditor General in order for him to perform a complete and proper audit (see s. 11.47(1), F. S.).
AS TO QUESTION 1:
It is a basic and fundamental principle that public funds may be spent only for a public purpose or a function which the public body or officer is expressly authorized by law to carry out, or which must be necessarily implied in order to carry out the purpose or function expressly authorized. See 81 C.J.S. States s. 167; 20 C.J.S. Counties ss. 129 and 207; Davis v. Keen,192 So. 200 (Fla. 1939); State v. Town of North Miami, 59 So.2d 779 (Fla. 1952); O'Neill v. Burns, 198 So.2d 1 (Fla. 1967); Florida Development Comm. v. Dickinson, 229 So.2d 6 (1 D.C.A. Fla., 1969); AGO's 071-28 and 068-12. See also State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628, 636 (1 D.C.A. Fla., 1974); Hopkins v. Special Road and Bridge Dist. No. 4,74 So. 310 (Fla. 1917); cf. AGO 075-120. Hence, the authority to pay attorney's fees from public funds must be derived from a statute. As I have stated previously, `[a]s a general rule, the power to employ counsel does not exist unless such power is expressly conferred or results by necessary implication from the powers granted.' Attorney General Opinion 076-173; see White v. Crandon,156 So. 303 (Fla. 1934); Watson v. Caldwell, 27 So.2d 524 (Fla. 1946), cited in 67 C.J.S. Officers s. 107, to the effect that the power to employ counsel `is not deemed incident to the mere existence of a board or commission, and does not exist unless it is expressly conferred or results by necessary implication from the powers granted.' It is thus only when there is imposed some statutory duty upon the county officer, and it becomes necessary, in order to carry out such statutory duty or function, for him to engage an attorney to bring or defend an administrative or judicial action or proceeding, that such officer has the implied authority to employ and pay an attorney as a necessary operatingexpense of conducting and operating his office and performing his statutory duties. See AGO 076-173, supra. See also 67 C.J.S.Officers s. 91, stating:
 The right of an officer to compensation for expenses incurred by him in the performance of an official duty must be found in a provision of the constitution or a statute conferring it either directly *4490 or by necessary implication. . . . Where a public duty is demanded of an officer without provision for any compensation, the expense must be borne by the public for whose benefit it is done. However, in order to justify indemnification of a public officer for an expenses incurred in the discharge of his official duties, the officer must have acted in good faith, in the discharge of a duty imposed or authorized by law, and in a matter in which the government has an interest.
Cf. AGO 068-70, holding that a
 board of county commissioners is (statutorily) vested with the power to reimburse counsel for defending county officials acting within the scope of their duties and responsibilities where in the discretion of the commission it is reasonable and necessary to do so in order to adequately represent the interest of the county. (Emphasis supplied.)
See also Coen v. Lee, 156 So. 747, 750-751 (Fla. 1934), stating that `unlimited authority to perform official functions as may be desired by the officer or to incur expenses against the state or municipality cannot lawfully be conferred upon any officer.' Accordingly, it has been held:
 It is a fundamental concept of the law in Florida and elsewhere that public funds may not be expended for other than public purposes. (Emphasis supplied.) Public officers are, of course, entitled to a defense at the expense of the public in a law suit arising from the performance of the officer's official duties (emphasis the court's) and while serving a public purpose. (Emphasis supplied.) [Markham v. State, 298 So.2d 210, 211 (1 D.C.A. Fla., 1974), citing Duplig v. City of South Daytona, 195 So.2d 581 (1 D.C.A. Fla., 1967).]
See also 20 C.J.S. Counties s. 129 which states that
 [w]here expenses are allowable, they must be necessary and reasonable in cost, and they may be paid only in accordance with the terms of the statute authorizing them. Thus, such expenses must be incurred by an official entitled to reimbursement within the meaning of the statute, [and] must be official, rather than personal to the officer . . . .
Accordingly, based upon the above-cited cases, textual authorities, and opinions of this office, I find that a public officer may expend the funds of his office for payment of legal costs and fees only when he is carrying out a statutorily prescribed county purpose or duty and in so doing it is necessary,in order to do what the statute requires, for him to bring or defend an administrative or judicial action. In short, whether or not the funds may be used for such purposes is not within the officer's discretion. In order for such expenditure to be valid, the officer must be acting to pursue a legislatively determined county purpose or statutorily imposed duty for which the incurring of legal fees and costs has been expressly or impliedly authorized or determined to be a necessary expense in carrying out that duty or effecting that purpose. Moreover, funds for such purposes must be properly budgeted. As noted in AGO 075-299, e.g., a county fee officer is required to prepare an annual budget and file it with the clerk of the county governing authority by September 1 preceding the budgetary fiscal year, s. 218.35, F. S., and must file a sworn statement showing the receipts and disbursements of the officer during the preceding year, specifying in detail `the purposes, character, and amount of all official expenses and the amount of net income or unexpended budget balance as of the close of the fiscal year.' Section 218.36(1), F. S. See also s. 116.03, F. S. All officers whose offices the Auditor General has authority to audit must keep in their public records sufficient information for his proper audit, which information must be made available to him. Section 11.47(1), F. S.
It is next necessary to apply the above principles of law to the instant situation. I assume, in determining whether the expenditure of the public funds in question was authorized by law, that there is no special or local law or general law of local application governing the question, since none has been brought to my attention. I find in the general laws no express authority for such expenditure.
Chapter 112, part III, F. S., sets forth the standards of conduct expected from the public officials of this state and prohibits violation of these standards. Section 112.322 empowers the Ethics Commission to investigate sworn complaints of violations of the Ethics Code by such officials, and to recommend an appropriate penalty (as provided in s. 112.317) if a violation is found. Your first question concerns whether a county fee officer, who incurs attorney's fees and costs in defending himself against a complaint filed against him with the commission, may ipso facto pay such fees and costs out of the public funds of his office.
In AGO 069-40, my predecessor in office concluded that county funds could not be used to pay expenses, costs, and attorney's fees incurred in the defense of a county commissioner against criminal charges in connection with the operation of his office and charges made against him by the Governor in his order suspending the said commissioner from office. It is there stated:
 The charges of malfeasance, misfeasance, neglect of duty, commission of a felony, drunkenness, and incompetency are charges against the personal action, or nonaction, of the officer, either by himself or through an agent of such officer for which he is responsible.
As was there noted, an official's defense of criminal charges against him benefits no one but himself. It confers no benefit upon the state or county, nor is the expenditure of public funds in connection therewith a public purpose or for the welfare and benefit of the public, and, hence, it was held that absent a statute providing for payment of attorney's fees and legal costs in the event of exoneration, none could be paid. That opinion was rendered prior to the enactment of s. 112.44, F. S., which confers upon the Senate the discretionary authority to provide that the county pay the reasonably incurred attorney's fees and costs of a reinstated county officer who was suspended by the Governor but exonerated by the Senate. See AGO 072-86, wherein it was determined that, in such a case, attorney's fees and costs may be paid only in those instances in which the Senate provides therefor. See also AGO 071-253, concluding that, in the absence of statutory authority, public funds may not be used to reimburse a public official for the expense of defending a criminal charge arising out of his official action, even though he may be found not guilty of the charge. See also State Dept. of Citrus v. Huff,290 So.2d 130 (2 D.C.A. Fla., 1974), cert. denied, 295 So.2d 632
(Fla. 1974); and cf. AGO 074-124, referring to the position of this office that under the general rule followed in AGO's 069-40 and 071-253, supra, the chairman of the Florida Citrus Commission (now Department of Citrus) was not entitled to reimbursement from commission funds for the attorney's fees and costs incurred by his successful defense of criminal charges against him. This position prevailed in Huff, supra.
It would seem that the same consideration involved in and the rationale of AGO 069-40 compel a like conclusion in the instant case. The Code of Ethics and the standards of conduct provided for in part III of Ch. 112, F. S., essentially seek to prohibit conduct which could be characterized as abuse of public office for private gain or to require disclosure of certain information in order that the public may know whether their public officials are subject to any interests that may conflict with or compromise their ability to fully and faithfully execute their public duties. The breach of these ethical standards is in my opinion as much as injury to the government and the public and the integrity of the governmental process as the conduct at issue in AGO 069-40. It is the official himself, not the public, who benefits by his conducting a defense against complaints filed against him. I can see no way to characterize the attorney's fees and costs incurred in such a defense as necessary operating expenses of the office necessarily incurred in carrying out the statutory duties and functions of his office, or as a matter in which the government has a lawful interest. Cf., however, Askew v. Green et al.,348 So.2d 1245 (1 D.C.A. Fla., 1977), cert. pending, wherein the District Court of Appeal held valid, as being addressed to a declared public purpose, a county ordinance authorizing payment or use of county funds to defray the costs of defending several county commissioners against unjustified criminal prosecutions arising under s. 286.011, F. S., the Sunshine Law. This case is distinguishable from both Huff, supra, and the Attorney General Opinions referred to above because it involved (local) enabling legislation enacted in response to a county finding that a public purpose would be served in defending against unjustified criminal prosecutions for violating the Sunshine Law (s. 286.011, F. S.).Huff involved no enabling legislation. The court also indicated that its result would be contra if the ordinance sought to reimburse for expenses involved in defending against charges of bribery or other general criminal statutes. Moreover, the court noted that the charge made against the commissioners in that case, knowingly and unlawfully attending a closed county commission meeting to take official action in locating and establishing a public road, had been abandoned at the trial.
I am aware that there are possible situations in which a public official in carrying out his required duties may be subjected to calculated attempts, by a disgruntled citizen for instance, to cause him injury by the filing of unsubstantiated and unwarranted complaints with the commission or in a court of law. However, this same danger is present in the event of suspension from office based on criminal charges brought against the official since, if the charges prove groundless and the official is reinstated, he has still had to incur the expense of defending himself against them. Hence, the Legislature has provided a hedge against such unfairness by granting the Senate the power to provide in its discretion for payment of attorney's fees and costs out of public funds if the official is exonerated. Section 112.44, F. S., supra. In contrast, there is no legislation comparable to s. 112.44
applicable to the instant situation. Moreover, as noted, my conclusion as to attorney's fees and costs incurred in defense of criminal charges (that they could not be paid from public funds) remained the same, even after enactment of s. 112.44, in those situations wherein the Senate does not provide for payment. Attorney General Opinion 072-86. Regarding a complaint filed with the Ethics Commission, an official who has a complaint filed against him may, under s. 112.317(8), F. S., recover his costs and attorney's fees from the complaint if the commission determines
that the complaint was filed with malicious intent to injure the reputation of such officer and without basis in fact or law. If the complainant fails to pay such costs as determined by the commission within the prescribed period of time, the statute requires this department to bring a civil action to recover such costs for the injured officer. Hence, the official is protected from the expense of defending against a frivolous or groundless complaint brought by someone bent on injuring him, and, absent express or implied statutory authority for payment of such costs and fees from the funds or income of his office, I adhere to my conclusion that public funds may not be expended for such purpose.
Had the Legislature intended to authorize such reimbursement or payment from county or public funds or from the income of the office of the affected county officer, it would have done so (or it would have been a very simple matter for it to have done so); by providing for the recovery of such fees and costs from the complainant in the specified circumstances, and in no other cases, the Legislature has impliedly prohibited such payment in other circumstances and has also impliedly prohibited any payments or reimbursements therefor from county funds or income of the office.See, e.g., Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234 (Fla. 1944); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates v. Snyder, 304 So.2d 433 (Fla. 1974); In re Advisory Opinion of the Governor, 306 So.2d 520, 523 (Fla. 1975).
In sum, I am of the opinion that when a complaint is filed with the Ethics Commission against a county officer, such officer is not entitled ipso facto to expend the funds or income of his office to defray the cost of the legal services incurred by him in defending against or responding to said complaint. The above discussion should also answer your questions as to whether there are `certain circumstances' in which such expenditures or payments would be authorized and, if so, what those circumstances are. Only where the requisite statutory authority, express or implied, exists, would county officers (fee and budget) be entitled to reimbursement from public funds for legal fees and costs incurred in defending against an ethics complaint. In the absence of such statutory authority, duty, or function (as hereinabove explicated) and the necessity to engage in such defense in order to carry out such duties or functions, no circumstances exist warranting such expenditures or reimbursements.
AS TO QUESTION 2:
You next inquire as to what documentation must be provided or information be entered into the public records of the office of the affected officer and made available to you in order for you to conduct a proper audit, assuming that any circumstances exist in which attorney's fees and costs incurred in defending against a complaint filed with the Ethics Commission may be paid for out of public funds or income of the office.
Section 11.47(1), F. S., requires:
 All officers whose respective offices the Auditor General is authorized to audit shall enter into their public records sufficient information for his proper audit, and shall make the same available to him on demand.
This section, while requiring that `sufficient information' be entered in the public records for a proper audit, does not prescribe any particular form or manner of documentation to meet the statutory requirements and this office lacks the authority to specify what the requisite documentation or form thereof should be. However, because the information must be `sufficient' for your audit, and in view of the purposes of a postaudit and the rules of law governing the expenditure of public funds discussed in the response to your first question, it is my opinion that the officer must document in and by such public records the express statutory authority for any such expenditure or, if authority must be necessarily implied, he must document in and by such records both a statutorily authorized or required duty or function and the reason performance thereof necessarily requires the expenditure in order to carry out the expressly imposed duty or authorized function. In sum, the language of any such documentation or public records must be fully sufficient to demonstrate to the postauditor and the public the legality of such expenditures. The information or documentation provided by an officer should be adequate and explicit to permit the preauditor, if any, and the postauditor to determine whether the payment or expenditure is authorized by law.Cf. AGO's 075-299, 071-28, and 068-12, the reasoning of which and the grounds on which the pertinent conclusions are drawn therein apply with equal force and effect to the instant question.
As previously noted, expenditures for the purposes in question must be duly budgeted for, and the applicable statute governing the making and filing of budgets by particular county officers and the fiscal laws and rules of law governing the management and expenditure of public moneys by such officers and accountings therefor must be adhered to. Generally, I call your attention to ss. 218.35(1) and 218.36(1), requiring county fee officers to establish annual budgets for their respective offices, which `clearly reflect the functions for which money is to be expended' (s. 218.35[1]) and `specify in detail the purpose, character and amount of all official expenses' (s. 218.36[1]). See also s.116.03.
AS TO QUESTION 3:
You next ask, assuming there is authority for paying the attorney's fees and costs in question, whether such includes the authority to pay for costs incurred in collateral actions taken before the commission or the courts regarding the ethics complaint. My response to your first question adequately answers and applies equally to this question. As there summarized, only where the requisite statutory authority, express or necessarily implied, exists, would a county officer be entitled to reimbursement from public funds or income of the office for attorney's fees and costs incurred in collateral actions taken before the commission or the courts in connection with an ethics complaint. Furthermore, the Legislature has provided authorization for the Ethics Commission to determine and require the complainant
to pay the attorney's fees and costs incurred by the officer complained against if it determines that a person has filed a complaint against an officer with a malicious intent to injure the reputation of the officer and finds such complaint to be frivolous and without basis in law or fact. No other provision for payment of or reimbursement for such fees and costs in any other case has been made by the statute. The Legislature chose not to authorize reimbursement for such fees and costs either from county funds or from the income of the office of the affected county officer though it could easily have done so; therefore, it impliedly prohibited any such expenditure or payment or reimbursement for such fees and costs incurred in collateral actions taken before the commission or the courts relative to such ethics complaints.
Prepared by: Frank A. Vickory, Assistant Attorney General