Robert H. Levison Chairman, Clearwater Housing Authority Clearwater
QUESTION:
May the Clearwater Housing Authority expend public moneys to pay the attorney's fees of a former commissioner of the housing authority who `appeals' his removal from office by the mayor under the provisions of s. 421.07, F. S.?
SUMMARY:
The Clearwater Housing Authority is not empowered by law to expend public moneys to hire an attorney to represent a former member of the housing authority to seek judicial review of his removal from office or to anywise contest his removal from office.
According to your letter, the Mayor of Clearwater recently charged a member of the Clearwater Housing Authority with `neglect of duty and misconduct in office' for allegedly having violated a provision of the Florida Public Records Law, ch. 119, F. S. Pursuant to the provisions of s. 421.07, F. S., the mayor requested the Clearwater City Commission to concur in his recommendation to remove said member of the housing authority from office. The commission did concur in the mayor's recommendation, and the member of the housing authority was removed from office. It now appears that this former commissioner of the Clearwater Housing Authority contemplates an `appeal' of removal by filing an action in circuit court. These facts have precipitated your question which concerns the ability of the housing authority to expend public moneys to hire an attorney to represent this former member of the authority on such `appeal.'
As stated in s. 421.02, F. S., the Legislature has found that there exists in Florida an insufficient number of safe and sanitary dwelling units available at rents affordable to persons of low income. Furthermore, the Legislature found that private enterprise is not properly suited to completely alleviate this shortage. Consequently, s. 421.04, F. S., establishes in each city in the state a public body corporate and politic to be known as the `housing authority' of that city. Such a housing authority, however, is not authorized to exercise any power or transact any business unless or until the governing body of the city passes a resolution declaring a need for the authority to function. Once the city has declared the need for activating its authority, the mayor, with the approval of the city's governing body, is given the power to appoint five persons to serve as commissioners of the authority with terms of office of 4 years each. In addition, s.421.07, F. S., empowers the appointing authorities to remove a commissioner of an authority for inefficiency or neglect of duty or misconduct in office. I assume that the Clearwater Housing Authority was properly activated and that its commissioners have been legally appointed. I must also note that this opinion should not be read and is not intended to pass on the propriety, legality, or efficacy of the actions of the Mayor and the City Commission of the City of Clearwater in removing from office the housing authority commissioner in question.
It should be clear from the above discussion of ch. 421, F. S., that housing authorities are established by and are creatures of the Legislature. As such they have only those powers expressly granted by law or necessarily implied as essential to carry out those duties imposed by law. See AGO 078-104 and the cases cited therein; and cf. State Department of Citrus v. Huff, 290 So.2d 130
(2 D.C.A. Fla., 1974). In this regard, I can find no express provision in ch. 421 requiring or permitting the Clearwater Housing Authority to pay the legal expenses incurred by a former member of the authority in `appealing' his removal from that body. In fact, s. 421.07 makes no provision for any such `appeal' or for any judicial review of the acts of the mayor and the city commission in removing a commissioner from office. Neither have I found nor have I been cited to any other provision of law which permits or requires the authority to incur such obligations.Compare ss. 111.07, 111.071, and 112.44, F. S., which permit the payment of attorney's fees or the provision of an attorney in certain factual situations not present here. Furthermore, I cannot say that paying the legal expenses of a former member of the authority can be implied in any way as necessary to carry out the duties and responsibilities of the authority. As I mentioned above, the statute itself makes no provision for such an `appeal,' and this fact makes it even more difficult to argue that the expenditure of public funds to pursue such a course of action would be a necessary incident to those powers and duties specifically conferred and imposed. Once a commissioner has been removed from office pursuant to the provisions of s. 421.07, any action he might take to contest his removal would benefit no one but himself. Cf. AGO's 069-40, 072-86, 074-124, and 078-97. A housing authority may expend public moneys only to carry out thepublic purposes for which it was established. Absent express statutory authority therefor, I have grave doubts that paying the legal expenses and attorney's fees of a former member of the housing authority to seek review of his removal from office or to anywise contest his removal would constitute such a public purpose.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General