Mr. Donald R. Worley Acting Director West Coast Mental Health Board, Inc. 1718 Main Street Suite 302 Sarasota, Florida 33577
Dear Mr. Worley:
This is in response to your request for an opinion on substantially the following question:
 MAY A MENTAL HEALTH BOARD CREATED PURSUANT TO PART IV, CH. 394, F.S., INVEST FUNDS IN ITS CUSTODY AND CONTROL IN MONEY MARKET FUNDS?
Your question is answered in the negative.
The Community Mental Health Act, Part IV, Ch. 394, F.S. (hereinafter referred to as the act), provides for the organization and financing of community mental health services in local communities throughout the state through locally administered and locally controlled mental health programs under the supervision of the Department of Health and Rehabilitative Services (hereinafter referred to as the department). See, ss394.66(1), and 394.78(1), F.S. The community mental health programs established under the act are integrated with state operated programs to provide a unified mental health system within the state. To help accomplish this objective, mental health boards have been established to provide coordinated mental health services within limited boundaries which correspond with the department's service districts or subdistricts as defined in s20.19, F.S., and to serve as a link between the department and community programs. See, ss 394.67(1), (10), (11), and 394.69, F.S. Among other things, each mental health board is charged with the duty of reviewing and evaluating the mental health needs, services, and facilities of its area of jurisdiction and preparing a district plan and budget based on its evaluation. See, s 394.71(1), F.S.
Section 394.69(5), F.S., requires that every mental health board established pursuant to the act for the purpose of coordinating mental health services within the department service districts or subdistricts comply with the provisions for incorporation of nonprofit corporations as set forth in Ch. 617, F.S. However, it does not necessarily follow from the above statutory provision requiring incorporation that mental health boards possess all the corporate powers and rights set forth in Ch. 617, F.S., or more particularly s 617.021, F.S. In fact, they do not. See, State Department of Citrus v. Huff, 290 So.2d 130 (2 D.C.A. Fla., 1974). Thus, the requisite statutory authority for mental health boards established pursuant to Part IV, Ch. 394, F.S. to invest funds must be found elsewhere in the Florida Statutes. Nowhere in the provisions of Part IV, Ch. 394, F.S., are the mental health boards expressly authorized to invest funds in their custody and control. It is however my opinion that other statutory provisions authorizing investments may be applicable to the mental health boards at issue herein but even these other statutory provisions do not authorize investment in money market funds and for that reason your question as phrased is answered in the negative. See, ss 218.345 and 665.104, F.S.
Throughout Part IV of Ch. 394, F.S., reference is made to community mental health districts. See, e.g., s 394.66(7), F.S., expressing the intent of the Legislature to `[e]nsure that, to the maximum degree feasible, the districts of the Department of Health and Rehabilitative Services are the focal point of all district board activities, including budget submissions, grant applications, contracts, and other arrangements that can be effected at the district level'; s 394.67(3), F.S., referring to the `[d]istrict plan' as a `mental health plan adopted by a mental health board and approved by the district administrator and governing bodies in accordance with this part'; s 394.67(10), F.S., defining `[m]ental health board' or `board' as `the board within a Department of Health and Rehabilitative Services district or subdistrict established in accordance with provisions of this part for the purposes of coordinating community mental health programs'; s 394.67(11), F.S., defining `[b]oard district' to mean `that area over which a single mental health board has jurisdiction for coordinating mental health programs . . .'; s 394.69, F.S., stating that mental health boards are to be established to coordinate mental health services within `department service districts or subdistricts . . .'; s 394.70(1), F.S., providing that the mental health boards shall be appointed by the county commission having jurisdiction in the board district; s 394.75, providing for the preparation of a district mental health plan by the board, which plan is to include procedures for the coordination of services and inventory of mental health resources within the board district ( see, s394.75[2][c]5., [d], and [e], F.S.); s 394.71(2) and (3), F.S., authorizing boards to receive and disburse such funds as are entrusted to them by law or otherwise, as well as to contract for and coordinate and disburse state funds; s 394.73, F.S., providing that any county within a board district shall have the same power to contract for mental health services as the Department of Health and Rehabilitative Services has under existing statutes, which includes the power to contract with a board district or a mental health board ( see, s 394.74, F.S.).
In light of the foregoing statutory provisions, it is my opinion that mental health boards serve as the governing bodies of special mental health districts ( in accord, AGO 078-106), and fall within the definitional purview of s 218.31(5), F.S., which defines the term `special district' for the purposes of s 218.345, F.S., which authorizes certain investments by special districts. Section218.31(5), F.S., provides as follows:
 `Special district' means a local unit of special government, except district school boards and community college districts, created pursuant to general or special law for the purpose of performing prescribed specialized functions, including urban service functions, within limited boundaries. (e.s.)
District mental health boards created pursuant to Part IV, Ch.394, F.S., are local units of special government created pursuant to general law for the purpose of coordinating mental health services within limited boundaries. It is therefore my opinion that said boards may, in accordance with the provisions of s 218.345, F.S., invest and reinvest any `surplus funds' ( see, s 218.345[4], F.S.), in their control or possession in those things enumerated therein. Since money market funds are not included in the enumeration, it is my opinion that such an investment is unauthorized.
In addition, it is my opinion that the structure of the district mental health boards is such that they might also be considered to be public-quasi corporations or quasi-public corporations ( inaccord, AGO 078-106), and the appointed board members are public officers ( cf., State v. Lee, 7 So.2d 110 [Fla. 1942]). See, Forbes Pioneer Boatline v. Board of Commissioners of Everglades Drainage District, 82 So. 346, 350 (Fla. 1919), in which the court discussed the differences between quasi-public, public and public-quasi corporations; and then concluded that the Everglades drainage district was a `public quasi corporation, and, as such, a governmental agency of the state for certain definite purposes, having such authority only as is delegated to it by law.'; O'Malley v. Florida Insurance Guaranty Association, 257 So.2d 9
(Fla. 1971). See also, AGO 077-97, in which this office stated that district mental health boards appear to qualify as quasipublic corporations; `they are nonprofit, their services are available to the general public within the board district, and they serve a valid public purpose — mental health.'
In this regard, s 665.104(1), F.S., declares that savings accounts in savings associations which are under either state or federal supervision are `legal investments' of the funds of the fiduciaries and public bodies designated therein, including `municipalities and other public corporations and bodies and public officials . . . .' Such investments do require a deposit and pledge of securities to the same extent and in the same manner as is provided from time to time by law or regulation with respect to deposit of public moneys in banks, except to the extent that such savings accounts may be insured. Section 665.104(1), F.S.; seealso, s 665.104(3), F.S., which provides that the provisions of s 665.104 are `supplemental to any and all other laws relating to and declaring what shall be legal investments for the persons, fiduciaries, corporations, organizations, funds, municipalities, bodies, and officials referred to in this section . . . .'
Applying the foregoing to the instant inquiry, I am of the opinion that district mental health boards created pursuant to Part IV, Ch. 394, F.S., are within the context of s 665.104(1), F.S., and thus may also legally invest funds held by them in savings accounts of savings associations in the circumstances prescribed in s 665.104(1), F.S.
In summary, until legislatively or judicially determined otherwise, it is my opinion that district mental health boards created pursuant to Part IV, Ch. 394, F.S., lack the requisite statutory authority to invest funds in money market funds but may invest funds in accordance with the provisions of s 218.345, F.S., and s 665.104, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General