Mr. Joe A. Flowers County Comptroller Escambia County Post Office Box 1111 Pensacola, Florida 32595
Dear Mr. Flowers:
This is in response to your request for an opinion on substantially the following question:
 IS AN ELECTED COUNTY SHERIFF ELIGIBLE TO RECEIVE SALARY INCENTIVE BENEFITS PURSUANT TO s 943.22, F.S., AS WELL AS THE $2,000 SPECIAL QUALIFICATIONS SALARY PURSUANT TO s 145.071, F.S., IN LIGHT OF THE COMPENSATION LIMITATION SET FORTH IN s 145.17, F.S.?
Section 943.22, F.S., sets forth a salary incentive program for local and state law enforcement officers. The term `law enforcement officer' is defined for the purpose of s 943.22 in s943.10(1), F.S. See, s 943.22(1)(b), F.S. Section943.10(1), supra, in pertinent part, defines a law enforcement officer to include any person who is elected by any political subdivision of the state, who is vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detention of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. It therefore appears clear that an elected county sheriff constitutes a law enforcement officer within the definitional purview of s 943.10(1) for the purposes of s 943.22.
Furthermore, s 943.21, F.S., while excluding any elected law enforcement officer from the provisions of ss 943.085-945.21, F.S., specifically provides that elected law enforcement officers may participate in the programs of the Criminal Justice Standards and Training Commission within the Department of Law Enforcement and receive any and all benefits resulting therefrom. In short, elected law enforcement officers are not excluded from participating in the salary incentive program established pursuant to s 943. 22, F.S. In toto, s 943.21, F.S., provides as follows:
 The provisions of ss. 943.085-943.21 shall not apply to any elected law enforcement officer. Elected law enforcement officers may participate in commission programs and receive any and all benefits resulting therefrom. However, unless otherwise prohibited by law, eligibility of any elected law enforcement officer to receive salary incentive benefits under s. 943.22 shall be conditioned upon such officer's holding basic employment certification from the commission by satisfying the requirements of s. 943.13. (e.s.)
When the salary incentive program contained in Ch. 943, F.S., was initially enacted in 1974, elected officers were not eligible to participate in said program inspite of the fact that the definition of `law enforcement officer' also initially included an elected law enforcement officer. See, ss 943.21 and 943.22(1)(b), F.S. (1974 Supp.); s 7, Ch. 74-386, Laws of Florida. In an apparent attempt to resolve this inconsistency, the Legislature in 1980 passed a pair of amendments to s 943.21, F.S. 1979. One such amendment deleted the exclusion of elected law enforcement officers from participation in the salary incentive program of s943.22 and added the specific language providing the elected law enforcement officers may participate in commission programs and receive any and all benefits resulting therefrom. See, s 10, Ch. 80-71, Laws of Florida. The other amendment provided that any sheriff who qualifies for the salary incentive provided in s943.22(2)(d), F.S. (which that year was increased to a sum not exceeding $120 per month by s 11, Ch. 80-71, Laws of Florida), shall receive additional compensation as provided in s 145.071, F.S. (which was and still is the sum of $2,000 per year). See, s 4, Ch. 80-377, Laws of Florida. Although not part of the basic act, the title of an act has the function of defining its scope and may be looked to as an aid in interpreting the act as well as an aid in interpreting and determining the intent of the Legislature. Carter v. Government Employees Insurance Co.,377 So.2d 242 (1 D.C.A. Fla., 1979); Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1 D.C.A. Fla., 1976); Finn v. Finn,312 So.2d 726 (Fla. 1975); Foley v. State, 50 So.2d 179 (Fla. 1951). Accordingly, see also, the title to Ch. 80-377, Laws of Florida which states, in pertinent part, that the same is `An act relating to compensation of county officials; . . . amending s. 943.21, Florida Statutes; providing that the compensation providedin s. 145.071, Florida Statutes, is in addition to the salaryincentive in s. 943.22(2)(d), Florida Statutes . . . .' (e.s.)
In addition to deleting the exclusion of elected law enforcement officers from the salary incentive program, another result of the above amendments was that the Legislature had created a situation whereby a sheriff by meeting the same requirements, i.e., those contained in s 943.22(2)(d), F.S. (1980 Supp.), could qualify for both salary incentive benefits under s 943.22, supra, and special qualification salary under s 145.071(2)(a), F.S. (1980 Supp.). This situation was rectified or changed in 1981 by Ch. 81-216, Laws of Florida, in the following manner. Section 1, Ch. 81-216, supra, amended s 145.071(2)(a) by changing the qualification requirements for the $2,000 per year special qualification salary from the same qualifications for salary incentive to separate `qualification requirements established by the Department of Law Enforcement.' Thus, the Legislature vested in the Department of Law Enforcement the power to establish the qualification requirements for a sheriff to receive the additional $2,000 per year special qualification salary pursuant to s145.071(2)(a), F.S. The department has, in fact, established qualifications for eligibility for the s 145.071(2)(a) special qualification salary which are separate and distinct from the requirements which must be met for any salary incentive benefits under s 943.22, F.S. In order to initially qualify for the special qualification salary of $2,000 per year pursuant to s145.071(2)(a), a sheriff must attend 40 hours of training with the Executive Institute of the Department of Law Enforcement and in order to remain qualified said department, pursuant to s145.071(2)(c), F.S., now requires that a sheriff attend an additional 20 hours of course work from the Executive Institute each year. Section 2, Ch. 81-216, Laws of Florida, repealed subsection (2) of s 943.21, F.S. (1980 Supp.), as created by Ch. 80-377, Laws of Florida, from which the two benefits for one qualification had resulted. ( See also, Staff Summary and Analysis, Florida House of Representatives, Committee on Criminal Justice, dated April 3, 1981, which also further exemplifies that the situation was two benefits for one qualification and that it was felt that there should be separate qualifications established for the $2,000 special qualification salary.)
The paramount consideration in construing a statute is to give effect to the intent of the Legislature. Burr v. Florida East Coast Ry. Co., 81 So. 464 (Fla. 1919); Johnson v. State,336 So.2d 93 (Fla. 1976). In discerning legislative intent the evils to be corrected, the language of the act, the title, history, purpose of the enactment and the law then in existence bearing on the same subject should be considered. Richardson v. City of Miami,198 So. 51 (Fla. 1940); Peninsula Land Co. v. Howard, 6 So.2d 384 (Fla. 1942); State Board of Accountancy v. Webb, 51 So.2d 296 (Fla. 1951). In addition, the administrative construction of a statute by an agency charged with its administration is entitled to great weight. Gay v. Canada Dry Bottling Co. of Florida, 59 So.2d 788
(Fla. 1952); State ex rel. Biscayne Kennel Club v. Board of Bus. Reg., 276 So.2d 823 (Fla. 1973). Applying the above rules of statutory construction to the foregoing discussion relating to the salary incentive program of $943.22, F.S., it would appear that county sheriffs, as elected law enforcement officers, are entitled to participate in the salary incentive program and receive any and all benefits therefrom if, as conditioned in s 943.21, they hold basic employment certification from the commission by satisfying the requirements of s 943.13, F.S. The remaining consideration is whether Ch. 145, F.S., and particularly s 145.17, F.S., impedes such participation in and receipt of benefits from the salary incentive program.
Section 145.071(1), F.S., sets forth the amount of salary that each sheriff shall receive based on the population of his county. As previously explained, s 145.071(2)(a), F.S., allows for an additional $2,000 per year special qualification salary and ss145.071(2)(b) and (c), F.S., deal with the requirements for initial and continuing qualifications respectively, both of which are irrelevant to the issue at hand. Section 145.17, F.S., provides as follows:
 The compensation provided in chapter 145 shall be the sole and exclusive compensation of the officers whose salary is established therein for the execution of their official duties, and, except as specifically provided herein, the acceptance of salary for official duties as a result of other general or special law, general law of local application, resolution, or supplement or from any other source is a misdemeanor of the first degree punishable as provided in ss. 775.082 and 775.083.
At the outset, it should be noted s 145.17, F.S., reads the same today as it did at its initial enactment. No amendments have been made. See, s 10, Ch. 73-173, Laws of Florida. In other words, when the Legislature amended s 943.22 to include elected law enforcement officers in the salary incentive program, s 145.17, F.S., was on the books in its present form. Thus, additional rules of statutory construction become applicable.
One Legislature cannot bind, limit or enlarge the general powers of a subsequent Legislature or inhibit it from amending or repealing any legislation so long as there are no inconsistencies with any constitutional limitations on the legislative power. Kirklands v. Town of Bradley, 139 So. 144 (Fla. 1932); Thursby v. Stewart, 138 So. 742, 749 (Fla. 1931). There is a general presumption that later statutes are passed with knowledge of prior existing laws and that the Legislature did not intend to keep contradictory enactments on the books. Oldham v. Rooks,361 So.2d 140 (Fla. 1978); Woodgate Development v. Hamilton Inv. Trust,351 So.2d 14 (Fla. 1977). In the event of conflict between statutes, the later more specific expression of the legislative will controls. Laramore v. State, 342 So.2d 90 (1 D.C.A. Fla., 1977); Albury v. City of Jacksonville Beach, 295 So.2d 297 (Fla. 1974). The mere fact that a later statute relates to matters covered in whole or in part by a prior statute does not cause a repeal of the older statute. If the two may operate upon the same subject without positive inconsistency or repugnancy in their practical effect and consequences, they should be given the effect designed for them unless a contrary intent clearly appears. State v. Gadsden County, 58 So. 232 (Fla. 1912); Ellis v. City of Winter Haven, 60 So.2d 620, 623 (Fla. 1952). It is also a well-settled rule that a court must so construe two statutes so as to preserve the force of both, without destroying their evident intent, if possible. Howarth v. City of DeLand, 158 So. 294 (Fla. 1934); Ellis v. City of Winter Haven, supra.
Applying the foregoing rules of statutory construction it would seem to follow that the 1973 Legislature did not have the power to limit or prohibit the 1980 Legislature from including elected sheriffs in the salary incentive program of s 943.22 or from receiving any benefits flowing therefrom; that the 1980 Legislature passed the pair of amendments, i.e., s 10, Ch. 80-71 and s 4, Ch. 80-377, Laws of Florida, and Ch. 81-216, Laws of Florida, with full knowledge of the existence of s 145.17, F.S.; that the aforesaid later enactments will control to the extent they bestow upon elected sheriffs the right to participate in and benefit from the salary incentive program of s 943.22, F.S.
In addition to all of the above, there still remains several other reasons why it is questionable that s 145.17, F.S., prohibits sheriffs from receiving the salary incentive benefits under s943.22, F.S. Section 145.17, F.S., strictly speaking, prohibits `the acceptance of salary for official duties as a result of other general' law. It is highly doubtful that obtaining a community college degree, a bachelor's degree, or completion of 480 hours of approved training courses as required by ss 943.22(3)(b), (c) and (d), F.S., respectively, constitute the `official duties' of the sheriff.
Secondly, and somewhat simplified, it appears that the intent of the Legislature in enacting the statutes contained in Ch. 145, F.S., was to eliminate the great disparity in rates of pay among county officers serving counties of relatively equal size and population because of local or special laws or general laws of local application which remained in force. See, legislative intent expressed in s 145.011, and s 145.16, F.S.; see also, s 145.13, F.S. 1961, and s 145.131, F.S. 1969, which repealed all such local or special laws or general laws of local application. Allowing sheriffs to qualify for the salary incentive benefits does not appear to be in derogation of this intent and purpose. The basic salary structure remains the same and every sheriff in every county is simply granted the opportunity to participate in the program.
Finally, in Askew v. Green, Simmons, Green Hightower,348 So.2d 1245 (1 D.C.A. Fla., 1977), cert. denied, 366 So.2d 879 (Fla. 1978), the court considered the question whether a county ordinance which authorized the payment of public funds for reasonable attorney's fees incurred by a county commissioner in successfully defending a prosecution for violation of the open public meetings law violated s 145.17, F.S., which prohibits additional compensation to county officers. In concluding the ordinance was not violative of s 145.17, the court drew a parallel to s 111.065, F.S., which authorizes the reimbursement of attorney's fees incurred by `law enforcement officers' in successfully defending civil or criminal actions against them for conduct arising out of the performance of their duties. The court noted that although the compensation of a `sheriff' is fixed in the same manner as that of county commissioners and is subject to the same prohibitions regarding additional compensation, by the enactment of the statute authorizing reimbursement of attorney's fees `[i]t is evident that the legislature did not consider such reimbursement additional compensation proscribed by Section145.17.' 348 So.2d at 1247. Applying the same rationale, I am compelled to conclude, pending legislative or judicial clarification to the contrary, that in providing that elected law enforcement officers may participate in and receive any and all benefits from the salary incentive program established pursuant to s 943.22, the Legislature did not view the salary incentive benefits bestowed upon meeting specific qualifications outlined s943.22 to be additional compensation prohibited by s 145.17, F.S.
In summary, unless or until legislatively or judicially determined otherwise, county sheriffs, as elected law enforcement officers, are entitled to participate in and receive any and all benefits of the salary incentive program established pursuant to s 943.22, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Linda Lettera, Assistant Attorney General