Mr. Frank J. Griffith, Jr. County Attorney Brevard County Post Office Box 37 Titusville, Florida 32781-0037
Dear Mr. Griffith:
This is in response to your request for an opinion on substantially the following question:
 DOES s. 286.011(7), F.S., AUTHORIZE THE BOARD OF COUNTY COMMISSIONERS TO REIMBURSE INDIVIDUAL BOARD MEMBERS FOR ATTORNEY'S FEES WHICH WERE ACCUMULATED DURING AN INVESTIGATION OF ALLEGED (CRIMINAL) VIOLATIONS OF s. 286.011, F.S., EVEN THOUGH NO FORMAL CHARGES WERE FILED?
Your letter of inquiry states that three members of the board of county commissioners were accused by another commissioner of possible violations of the Government-in-the-Sunshine Law when voting to relieve the Administrative Director of his duties. The local State Attorney's office and the Department of Law Enforcement undertook an investigation of the alleged violations. During the process of the investigation, the commissioners were requested to produce documents from their office and to allow their secretaries and aides to submit to depositions. You further state that the commissioners retained private counsel during the investigation; however, after some time, the investigation was discontinued and the State Attorney announced that no charges would be filed. Based on the foregoing, you inquire whether s.286.011(7), F.S., authorizes the Board of County Commissioners to reimburse the individual board members for attorney's fees incurred while they are being investigated concerning possible violations of the Government-in-the-Sunshine Law, s. 286.011, F.S.
Section 286.011, F.S., provides that all meetings of any board or commission of any state agency or authority or of any agency or authority of a county, municipality, or political subdivision at which official acts are to be taken are public meetings open to the public at all times. Section 286.011(1), F.S. Section286.011(3)(b), F.S., makes it a misdemeanor of the second degree for any person who is a member of a board or commission or of any state agency or authority of any county, municipality or political subdivision to knowingly attend a meeting not held in accordance with s. 286.011. Pertinent to your inquiry, s. 286.011(7)[1], F.S., provides:
 Whenever any member of any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision is charged with a violation of this section and is subsequently acquitted, the board or commission is authorized to reimburse said member for any portion of his reasonable attorney's fees. (e.s.)
It is a basic rule of statutory construction that, where a statute contains plain and simple language, it is the duty of the courts to apply the literal meaning of the statute. See, Alligood v. Florida Real Estate Commission, 156 So.2d 705 (2 D.C.A. Fla., 1963). And see, Fine v. Moran, 77 So. 533 (Fla. 1917) (the general rule is that where language is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction); Osborne v. Simpson, 114 So. 543 (Fla. 1927) (where statute's language is plain, definite in meaning without ambiguity, it fixes the legislative intention and interpretation and construction are not needed). Moreover, it is a well established rule of statutory construction that where a statute enumerates the things on which it is to operate, it is to be construed as excluding from its operation all things not expressly mentioned — expressio unius est exclusio alterius. See, Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel,56 So.2d 341, 342 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944).
Section 286.011(7), F.S., expressly provides that a governmental unit, in this instance the county, is authorized to reimburse one of its members for any portion of reasonable attorney's fees when (1) the member is charged with a violation of the Sunshine Law and (2) when the member is subsequently acquitted of the charge. There is no mention in the statute of any other alternative method or circumstance under which the county is authorized to make such reimbursements. Accordingly, since the facts as described in your letter of inquiry indicate that no charges were filed against the commissioners from which they could be subsequently acquitted, I am of the opinion that s. 286.011(7), does not authorize the Board of County Commissioners of Brevard County to reimburse the individual commissioners for the legal costs accumulated during an investigation of alleged violations of the Sunshine Law when no formal charges were filed.
However, Florida courts and this office have previously concluded that payment of attorney's fees by a governmental unit may be authorized under certain circumstances in view of the common law principle that public officers are entitled to a defense at the expense of the public in defending against unfounded allegations of official misconduct, arising from performance of official duties and while serving a public purpose notwithstanding the absence of statutory authorization. See, e.g., AGO 85-51 (municipality authorized to reimburse former city manager for attorney's fees incurred in defending city manager against complaint filed with Commission on Ethics)[2]; Ellison v. Reid,397 So.2d 352 (1 D.C.A. Fla., 1981) (county property appraiser's use of public funds to pay legal fees incurred in successful defense of official misconduct charges proper); Markham v. State, Department of Revenue, 298 So.2d 210 (1 D.C.A. Fla., 1974) (public officers are entitled to a defense at the expense of the public in defending against litigation arising from the performance of official duties and while serving a public purpose); Nuzum v. Valdes, 407 So.2d 277 (3 D.C.A. Fla., 1981). See also, Lomelo v. City of Sunrise, 423 So.2d 974, 976 (4 D.C.A. Fla., 1982), pet. rev. dismissed, 431 So.2d 988 (Fla. 1983), noting that a public body is obligated to furnish or pay fees for counsel to defend a public official subjected to attack in either criminal or civil proceedings where the conduct complained of arises out of official duties, that obligation arising "independent of statute, ordinance or charter" and "not subject to the discretion of the keepers of the city coffers."
However, the determination as to whether acts of a public officer arise from performance of his duties or whether those acts serve a public purpose rests with the governing body of the governmental unit. The Attorney General is not authorized to make such a determination for the governmental unit nor may the governmental unit delegate that determination to the Attorney General. See, AGO 85-51; 1984 Annual Report of the Attorney General, "Statement of Policy Concerning Attorney General Opinions," p. ix.
In sum, unless and until legislatively or judicially determined otherwise, I am of the opinion that s. 286.011(7), F.S., does not authorize the Board of County Commissioners of Brevard County to reimburse individual commissioners for attorney's fees incurred during an investigation of alleged violations of the Government-in-the-Sunshine Law, when no formal charges were filed against the commissioners. However, Florida courts and this office have concluded that payment of attorney's fees by a governmental unit may be authorized under certain circumstances in view of the common law principle that public officers are entitled to a defense at the expense of the public in defending against unfounded allegations of official misconduct, arising from performance of official duties and while serving a public purpose; the determination as to whether the acts of this public officer arose from the performance of his duties, or whether those acts served a public purpose, rests with the governing body of the governmental unit in question and cannot be delegated to the Attorney General's Office.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] Section 286.011(7), F.S., was brought into the statutes by Ch. 78-365, Laws of Florida. As enacted, the statute conforms with the decision in Askew v. Green, Simmons, Green and Hightower,348 So.2d 1245 (1 D.C.A.Fla., 1977), cert. den., 366 So.2d 879
(Fla. 1978), where the court validated a county ordinance authorizing the payment of public funds for reasonable attorney's fees incurred by any past or present county commissioner in successfully defending a prosecution for violation of the Government-in-the-Sunshine Law.
[2] Attorney General Opinion 85-51 modified AGO 78-97 to the extent the latter opinion was inconsistent with subsequent court decisions.