Mr. David G. Conn Attorney for Clerk of Circuit Court St. Johns County 100 Southpark Boulevard, Suite 308 St. Augustine, Florida 32086-5118
Dear Mr. Conn:
On behalf of the Clerk of the Court of St. Johns County, you ask substantially the following question:
Does Ch. 145, F.S., preclude payment of Class C travel expenses to county officials who otherwise receive the maximum salary?
In sum:
The payment of Class C travel expenses, while treated as personal income for purposes of federal tax liability, is not additional compensation precluded under Ch. 145, F.S., which establishes a maximum salary for county officials.
The Legislature's intent in enacting Ch. 145, F.S., is stated in s. 145.011(3), F.S.: to provide uniform compensation for county officers having substantially equal duties and responsibilities. The chapter further states that "[t]he compensation provided in chapter 145 shall be the sole and exclusive compensation of the officers whose salary is established therein for the execution of their official duties . . . ."[1] Section 145.131, F.S., however, states:
(1) All local or special laws or general laws of local application enacted prior to July 1, 1969, which relate to compensation of county officials are repealed, except laws pertaining to travel expenses of county officers or to payment of extra compensation to the chairmen of boards of county commissioners or district school boards. (e.s.) (2) The compensation of any official whose salary is fixed by this chapter shall be the subject of general law only . . . .
The salaries of various county officials are set forth in Ch. 145, F.S.[2] Specifically, the salary for the clerk of circuit court is provided for in s. 145.051, F.S. The term "salary" is defined for purposes of this chapter as "the total annual compensation to be paid to an official as personal income."[3] The provisions in s.145.131, F.S., however, clearly indicate that local or special laws or general laws of local application relating to travel expenses of county officers are not affected by Ch. 145, F.S., and have a separate field of operation.
This office concluded in AGO 76-17 that payments made to county officials pursuant to s. 112.061, F.S., for reimbursement of travel expenses should not be considered extra compensation to the official prohibited by ss. 145.121[4] and 145.17, F.S.[5]
Section 112.061, F.S., establishes uniform maximum rates applicable to all public officers, employees, and authorized persons whose travel expenses are paid by a public agency.[6] The provisions in s. 112.061, F.S.,
prevail over any conflicting provisions in a general law, present or future, to the extent of the conflict; but if any such general law contains a specific exemption from this section, including a specific reference to this section, such general law shall prevail, but only to the extent of the exemption.[7]
The reimbursements for travel expenses allowed under s. 112.061, F.S., have a separate area of operation and would not be considered extra compensation for purposes of Ch. 145, F.S. You note, however, that the Internal Revenue Service has issued regulations requiring employers to withhold income tax and Social Security tax on payments of certain employee business expense reimbursements and allowances that are considered personal income to the employee. It has been determined that Class C travel[8] and mileage reimbursement are reimbursements subject to these IRS regulations and, therefore, are taxable as personal income to the employee.[9]
While Class C travel and mileage reimbursements are taxable as personal income to the employee under IRS regulations, the distinction between compensation received under Ch. 145, F.S., and travel reimbursement under s. 112.061, F.S., does not appear to conflict with such regulations. The federal regulations may be given effect without altering the treatment of Class C travel and mileage reimbursement payments under state law.
Accordingly, while the payment of Class C travel expenses is taxable as personal income to the employee for purposes of federal tax liability, it is not additional compensation that would be precluded under Ch. 145, F.S., which establishes a maximum salary for county officials.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 145.17, F.S.
[2] See, ss. 145.031 — 145.11, F.S.
[3] Section 145.021(2), F.S.
[4] Section 145.121(1), F.S., provides that except for the salary payable under Ch. 145, F.S., all fees, costs, salaries, commissions, extra compensation, or any other funds paid or payable to a county official or to his office is to be included as income to the office and not as personal income of the official.
[5] Cf., s. 145.131(1), F.S., AGO 73-485, and Askew v. Green, Simmons, Green and Hightower, 348 So.2d 1245, 1247 (1 D.C.A. Fla., 1977) (ordinance which allowed payment of reasonable attorney fees for past and present county commissioners who successfully defend a prosecution for violation of the open meetings law was not an unlawful supplement to the compensation of county officers).
[6] Section 112.061(1)(a), F.S.
[7] Section 112.061(1)(b)1., F.S.
[8] Section 112.061(2)(m), F.S., defines "Class C travel" as "[t]ravel for short or day trips where the traveler is not away from his official headquarters overnight." Section 112.061(5), F.S., precludes payment of per diem for Class C travel, but allows payment of subsistence, i.e., 3 for breakfast, 6 for lunch, and 12 for dinner.
[9] See, Comptroller's Memorandum No. 15 (1989-1990), May 15, 1990.