332 So.2d 677 (1976)
Millicent Jean F. COOK, Appellant,
v.
BLAZER FINANCIAL SERVICES, Inc., etc., Appellee.
No. Z-229.
District Court of Appeal of Florida, First District.
May 18, 1976.
Rehearing Denied June 23, 1976.
*678 James C. Handly, Jr., Jacksonville, for appellant.
Edwin W. Held, of Fischette, Parrish, Owen & Held, Jacksonville, for appellee.
McCORD, Judge.
This is an appeal by Millicent Jean F. Cook from a summary final judgment of foreclosure entered in favor of Blazer Financial Services, Inc., on July 18, 1975, and an order entered by the trial court on May 15, 1975, dismissing Cook's counterclaim for failure to state a cause of action under Sections 559.55(1), 559.72, and 559.77, Florida Statutes. The sole question involved on appeal is whether or not Cook's counterclaim stated a cause of action.
Cook's counterclaim alleged that Blazer, in collecting its claim against her, engaged in certain practices which are specifically prohibited by § 559.72, Florida Statutes. That section provides in part as follows:
"In collecting consumer claims, whether or not licensed by the division, no person shall: ..." (Emphasis supplied)
The statute goes on to list certain prohibited acts or practices. Section 559.77(1) provides as follows:
"(1) A debtor may bring a civil action against a person violating the provisions of this part in the circuit court of the county in which the alleged violator resides or has his principal place of business or in the county wherein the alleged violation occurred. Upon adverse adjudication, the defendant shall be liable for actual damages or [$500], whichever is greater, together with court costs and reasonable attorney's fees incurred by the plaintiff. The court may, in its discretion, award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. If it appears to the court that the suit brought by the plaintiff was ill-founded or brought for purposes of harassment, the plaintiff shall be liable for court costs and reasonable attorney's fees incurred by the defendant." (Emphasis supplied)
The trial court, in its order dismissing the counterclaim, ruled that Cook "has no cause of action assertible by Counterclaim against the plaintiff under the provisions of Part 5 `consumer collection practices' of Sections 559.55 et seq., Florida Statutes."
Chapter 559, Florida Statutes, is entitled "Regulation of Trade, Commerce and Investments, Generally" and Part V is entitled "Consumer Collection Practices." Blazer contends that Part V relates only to consumer collection practices by a collection agency. The term "collection agency" is defined by § 559.55(4)(a) and in general terms means any person who attempts to collect or collects consumer claims owed or alleged to be owed to another person. Blazer is admittedly not a collection agency as defined by that statute but is a small loan company which was attempting to collect its own claim from Cook. Section 559.72, under which Cook's counterclaim was filed (and which we have quoted in part above), is entitled "Prohibited Practices Generally" and provides that "no person shall" engage in the thereafter listed prohibited practices. Thus, the question is whether or not the statute means "no person" as stated or "no collection agency." *679 Cook contends that it means "no person" and we agree.
A court may look to the title of an act to aid in the interpretation of the act but the meaning may not be enlarged by the title. 30 Fla.Jur. "Statutes" § 108 (1974); Richardson v. City of Miami, 144 Fla. 294, 198 So. 51 (1940); Foley v. State, Fla., 50 So.2d 179 (1951). If there is any doubt or ambiguity as to the meaning of the word "person" as used in § 559.72, such meaning is made perfectly clear by the title to the original session law, Chapter 72-81, Laws of Florida, which provides in pertinent part as follows:
"AN ACT relating to the regulation of consumer collection practices; providing definitions; providing for licensing, fees, and bonding of collection agencies; providing standards governing the issuance of collection agency licenses; providing for prohibited practices applicable to persons generally; providing a civil remedy; ..." (Emphasis supplied)
It is clear that the legislature intended the prohibited practices to be applicable to persons generally and not just to collection agencies. The word "person" as defined by § 1.01(3), Florida Statutes, includes all corporations, which, of course, includes Blazer.
Reversed and remanded.
SMITH, J., concurs.
RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
I dissent. It is my opinion that the trial judge was correct in finding that the defendant [appellant] has no cause of action assertible by Counterclaim against the plaintiff [appellee] under the provisions of Part 5 `Consumer Collection Practices' of Sections 559.55 et seq. Florida Statutes".
The provisions of Chapter 559, Part V, Florida Statutes, relate to licensing a collection agency and the penalties which a collection agency may incur when it engages in the prohibitive practices set out therein, and specifically in Florida Statutes 559.72 and 559.73. These sections apply to consumer collection practices of a collection agency and persons who operate or work for a collection agency, but do not apply to creditors.[1] A collection agency is a person or entity who attempts to collect a debt owed to another person or entity. Appellee clearly is not a collection agency. To construe "person" as the majority has, in my opinion, is to judicially amend Part V of Chapter 559, Florida Statutes.
NOTES
[1] The definitions section of Chapter 559, F.S. 559.55, provides the following:

"[559.55](4)(a) `Collection agency' means any person who, by himself, or through others, directly or indirectly, in whole or in part:
"1. Attempts to collect or collects consumer claims owed or alleged to be owed to another person;
......
"(b) `Collection agency" does not include:
......
"3. Banks, including trust departments thereof, fiduciaries, savings and loan associations, building and loan associations, institutions operating under chapters 516 and 519, and other financing and lending institutions."