JOANOS, Judge.
The Career Service Commission’s finding that appellant failed to prove that appellee was unable to perform her assigned duties and therefore did not have just cause to dismiss her is supported by competent substantial evidence in the record. The order indicates that the Commission took into account the applicable rules under which the agency proceeded. Therefore, we affirm the order of the Career Service Commission reinstating appellee to her former position.
The Commission also ordered appellant to remove from its files and turn over to the Commission any and all documents in appellant’s files relating to the charge that ap-pellee was unable to perform her assigned duties and the appeal to the Commission. The basis for this part of the order was Rule 22A-10.07(2), Fla.Admin.Code, which provides that the Commission may order “removal of all references to the charges from the employee’s personnel file . .. . ” The notes which follow this rule in the Florida Administrative Code indicate that the rule is authorized by Sections 110.201 and 110.227(2), Florida Statutes, and implements Sections 110.227(5), 110.305, and 110.-309, Florida Statutes. Appellant contends that this rule exceeds the Commission’s statutory authority.
Both the parties suggest that this court remand the case for rule challenge proceedings on this issue. Appellee Career Service Commission, particularly, contends that it should be given an opportunity on remand to develop a record in support of its promulgation of this rule. In our opinion, however, resolution of the question involves an interpretation of law, thus no further fact finding is required in order for us to determine whether the rule exceeds the Commission’s statutory grant of authority. A remand would serve only to prolong this litigation.
It is clear that none of the statutory provisions referenced above, particularly Section 110.309, which clearly sets forth the Commission’s options with respect to appeals of suspensions and dismissals, expressly or impliedly authorizes the Commission to direct disposition of the records of the charges and appeal proceedings. An agency may not enlarge its authority beyond that provided in the statutory grant. See Department of Transportation v. James, 403 So.2d 1066 (Fla. 4th DCA 1981); Seitz v. Duval County School Board, 366 So.2d 119 (Fla. 1st DCA 1979). Since there is no statutory authority for the rule requiring that appellant turn over to the Commission the documents relating to the charges and appeal, that part of the order applying the rule to this case is REVERSED. The order is AFFIRMED in all other respects.
SHIVERS and WENTWORTH, JJ., concur.