The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an Attorney General Opinion regarding the regulatory authority of the Department of Health and Rehabilitative Services over Florida's mosquito control programs. Based upon subsequent information provided by your office, your questions may be stated as follows:
 1. WHAT IS THE EFFECT OF THE REPEAL OF s 388.411, F.S. 1983, ON THE AUTHORITY OF THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES?
 2. IS THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES AUTHORIZED TO IMPOSE ADMINISTRATIVE SANCTIONS OR FINES PURSUANT TO CH. 388, F.S., FOR VIOLATIONS THEREOF?
 3. IS THE DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES AUTHORIZED PURSUANT TO CHAPTER 10D-54, F.A.C., TO IMPOSE ADMINISTRATIVE SANCTIONS AND/OR FINES FOR VIOLATIONS OF THE PROVISIONS OF CH. 388, F.S., AND 7 U.S.C. CH. 6 ss 136, ET SEQ.?
Subsequent information received from your office indicates that the mosquito control districts in question are those districts created pursuant to Ch. 388, F.S. I have not, however, been advised of any particular factual situation related to your inquiry and therefore my response must be framed in general terms.
QUESTION ONE
Section 388.411, F.S. 1983, relating to arthropod control on public lands provided as follows:
 (1) It is declared to be in the best interests of the state that all public lands owned by the state, or any county, district, city, or other political unit, shall be subject to mosquito, sand fly, and other arthropod controls of the Department of Health and Rehabilitative Services not inconsistent with the provisions of subsection (4) in order to provide as nearly as possible a system of uniform and complete control.
 (2) Any lands in the state hereafter granted by the state to a state or federal agency, county, district, or other political unit, shall contain a reservation or condition providing that arthropod control operations shall be conducted thereon, if deemed necessary, by the department except where the Governor shall deem that the same is unnecessary.
 (3) As to lands not held by the United States, or any federal agency in the state, the department is authorized to enter negotiations for the purpose of working out agreements permitting the department, or any local antimosquito, sand fly, arthropod control unit cooperating with the department, to carry on arthropod control operations on any of said lands.
 (4) When any lands or water areas subject to this act lie within an area where the department determines that mosquitoes, sand flies, or other arthropods of public health importance which may cause sickness or discomfort to the surrounding human population, may be bred, said areas shall be subject to control operations. The involved agencies shall mutually agree on the control procedure or plan and the methods employed shall be the minimum necessary and economically feasible and imposing the least hazard to the fish and wildlife being protected or managed in said areas. Such agreement shall be between the state or federal agencies managing the areas, the department, and the local mosquito control agency in whose jurisdiction these lands or waters may lie.
Section 388.411 was expressly repealed by s 47, Ch. 84-338, Laws of Florida, effective July 1, 1984. You inquire as to the effect of the repeal of s 388.411 on the authority of the Department of Health and Rehabilitative Services (hereafter the department).
It must be assumed that a provision enacted by the Legislature is intended to have some useful purpose. Smith v. Piezo Technology and Professional Administrators, 427 So.2d 182 (Fla. 1983); Arnold v. Shumpert, 217 So.2d 116 (Fla. 1968). And see, Sharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962) (it should never be presumed that the Legislature intended to enact purposeless, and therefore useless, legislation); and Dickinson v. Davis,224 So.2d 262 (Fla. 1969). Moreover, it is presumed that when the Legislature amends a statute, it intends to accord the statute a different meaning from that accorded to it before the amendment. See, Seddon v. Harpster, 403 So.2d 409 (Fla. 1981); Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979) (if Legislature amends statute by omitting words, it is presumed that Legislature intended act to have a different meaning from that accorded it before the amendment); Reino v. State, 352 So.2d 853 (Fla. 1977).
Utilizing these rules of statutory construction and in the absence of any other provision of law recognizing the authority of the Department of Health and Rehabilitative Services to so act, I must conclude that on or after the effective date of s 47, Ch. 84-338, Laws of Florida, the department may no longer subject public lands owned by the state, or any county, district, city or other political unit to mosquito, sand fly and other arthropod controls as set forth in s 388.411, F.S. 1983.
Certain other responsibilities imposed upon the department pursuant to Ch. 388, F.S., were not amended or repealed and thus continue in effect. See, e.g., ss 388.162, F.S. (department to adopt minimum qualifications for employment of director of mosquito control program); 388.161(1), F.S. (district board of commissioners may use chemicals approved by department but only in amounts necessary to control mosquito breeding and not be detrimental to fish life); 388.161(2), F.S. (rules and regulations of board necessary for enforcement of Ch. 388 to be approved by department); 388.201(1), F.S. (copies of district budget to be submitted to department for review and approval). The duties imposed upon the department pursuant to Ch. 388, however, generally involve approval of the actions of the boards and do not vest in the department any independent authority separate and distinct from the district boards to subject public lands to arthropod control such as was formerly contained in s 388.411, F.S. Accordingly, I am of the opinion that in light of the repeal of s 388.411, F.S. 1983, by s 47, Ch. 84-338, Laws of Florida, and in the absence of any other provisions of law authorizing the department to so act, the Department of Health and Rehabilitative Services as of July 1, 1984, is no longer authorized to subject public lands owned by the state, or any county, district, city or other political unit to mosquito, sand fly and other arthropod controls as set forth in s 388.411, F.S. 1983.
QUESTION TWO
As provided in s 18, Art. I, State Const., no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law. While Ch. 388 requires departmental approval or review of certain actions of the district board, see, e.g., ss 388.161(1), 388.161(2), 388.162,388.201(1), F.S., supra, no provision of Ch. 388, F.S., of which I am aware or to which you have drawn my attention expressly authorizes the Department of Health and Rehabilitative Services to impose administrative sanctions or fines for violations thereof. But see, s 388.401, F.S., which, inter alia, makes knowing or willful violations of the provisions of Ch. 388, F.S., or any rule or regulation promulgated by any board of commissioners of any county or district a misdemeanor of the second degree. See, for purposes of comparison, s 487.158(2), F.S., which authorizes the Department of Agriculture and Consumer Services to impose penalties for violations of the "Florida Pesticide Application Act of 1974," including the denial of an application for licensure under the act and/or the revocation or suspension of such a license, the issuance of a warning letter, the placement of the licensee on probation for a specified period of time and the authorization for the department to impose an administrative fine not to exceed $1,000 per occurrence. And see, s 482.161(1) and (7), F.S., which authorizes the Department of Health and Rehabilitative Services, pursuant to provisions of the "Pest Control Act" to fine the licensee or certified pest control operator or to suspend, revoke or stop the issuance or renewal of any certificate or license in accordance with the provisions of Ch. 120 for specified violations; further, the department may, in addition to or in lieu of any other remedy provided by state or local law, impose an administrative fine not exceeding $500, or less than $25, for violations of Ch. 482, F.S.
In addition, an administrative agency possesses no power not granted by statute and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc. of Florida, 281 So.2d 493 (Fla. 1973); AGO 74-253. Thus, the powers of administrative agencies must affirmatively appear from the enactment under which they claim to act. See generally, 73 C.J.S. Public Administrative Law and Procedure s 50 p. 498. Further, it is the rule that an agency may not enlarge its authority beyond that provided in the statutory grant. State, Department of Environmental Regulation v. Falls Chase Special Taxing District, 424 So.2d 787 (1 D.C.A.Fla., 1982), pet. for rev. den., 436 So.2d 98 (Fla. 1983); Swebilius v. Florida Construction Industry Licensing Board, 365 So.2d 1069 (1 D.C.A.Fla., 1979); Florida Department of Law Enforcement v. Hinson, 429 So.2d 723 (1 D.C.A.Fla., 1983). See generally, 73 C.J.S. Public Administrative Law and Procedure s 52.a.
Therefore, in the absence of any statute authorizing the Department of Health and Rehabilitative Services to impose administrative sanctions or fines for violations of Ch. 388, F.S., I must conclude that the department does not possess the authority to impose such fines or sanctions.
QUESTION THREE
The Department of Health and Rehabilitative Services is authorized to adopt such rules and regulations as are necessary and appropriate to enable it to perform the work and responsibilities of the department under Ch. 388, F.S. Section 388.361, F.S. The department's rules which relate to mosquito control program administration are contained in Ch. 10D-54, F.A.C. However, there must be some basis in a statute for exercise of jurisdiction and power by an administrative agency.
Edgerton v. International Co., 89 So.2d 488 (Fla. 1956); State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628
(1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974). The general power conferred on an administrative agency by a statute vesting it with all powers necessary to carry out the provisions of the act that created it does not authorize an agency to extend its jurisdiction but rather relates only to those matters over which it has been given jurisdiction. 73 C.J.S. Public Administrative Law and Procedure s 51 p. 504. Further, administrative regulations must be consistent with the statutes under which they are promulgated and may not amend, add to or repeal a statute. Department of Health and Rehabilitative Services v. Florida Psychiatric, Soc., Inc., 382 So.2d 1280 (1 D.C.A.Fla., 1980). Cf., State, Department of Insurance v. Insurance Services Office, 434 So.2d 908 (1 D.C.A.Fla., 1983) (rulemaking cannot be used to make legal that which there is no authority to do in the first place).
As I stated in my response to Question Two, I am aware of no statutory authority under Ch. 388, F.S., for the imposition of administrative sanctions or fines by the Department of Health and Rehabilitative Services for violations of Ch. 388, F.S., and, as related herein, there must be some basis in the statutes for the exercise of such power by an administrative agency.
Your third question makes reference to 7 U.S.C. Ch. 6 ss 136 et seq., the Federal Insecticide, Fungicide, and Rodenticide Act, with regard to the department's authority to impose administrative sanctions and/or fines for violations of the federal act. Nothing in Ch. 388, F.S., or the federal legislation of which I am aware or to which you have directed my attention authorizes the Department of Health and Rehabilitative Services to impose such administrative fines or sanctions. Cf., 7 U.S.C. Ch. 6 ss 136u(a) stating that Administrator of Environmental Protection Agency may enter into cooperative agreements with states to delegate authority to cooperate in enforcement of act through use of its personnel and facilities and to assist states in developing and administering state programs to train and certify applicators consistent with standards prescribed by the administrator; 136v, describing authority of states under act and recognizing, inter alia, power of states to regulate sale or use of federally registered pesticide but only if and to extent that regulation does not permit any sale or use prohibited by act; 136w-1 setting forth requirements under which state shall have primary enforcement responsibility for pesticide use violations proscribed by act. I am not advised that, pursuant to the provisions of s 136w-1, 7 U.S.C. Ch. 6, the state has been given primary enforcement responsibility for pesticide use violations. On the contrary, a cooperative enforcement agreement entered into between the department and the federal Environmental Protection Agency requires that the state pursue an appropriate remedy under state law when evidence reveals a possible violation of state law and that when a possible violation of both state and federal law is identified, the state may bring appropriate enforcement action under state law or refer the case to the Environmental Protection Agency for prosecution under federal statute. Thus, the federal act does not appear to authorize the Department of Health and Rehabilitative Services to impose any administrative fines or sanctions for violations of the act but recognizes the authority of the department to act according to procedures set forth in state law.
In the absence of any statutory authority empowering the Department of Health and Rehabilitative Services to impose administrative sanctions and/or fines for violations of the provisions of Ch. 388, F.S., and 7 U.S.C. Ch. 6 ss 136 et seq., I must conclude that the department may not by rule authorize the imposition of such penalties. See, s 18, Art. I, State Const.; McFarlin v. State, Dept. of Business Regulation, Division of Pari-Mutuel Wagering, 405 So.2d 255 (3 D.C.A.Fla., 1981) (rule of division which purported to authorize levy of a fine for each separate violation of department rules was beyond purview of department to adopt or enforce without specific legislative authority).
In sum, it is my opinion until legislatively or judicially determined otherwise, that:
 1. In light of the repeal of s 388.411, F.S. 1983, by s 47, Ch. 84-338, Laws of Florida, and in the absence of any other provision of law authorizing the department to so act, the Department of Health and Rehabilitative Services as of July 1, 1984, is no longer authorized to subject public lands owned by the state, or any county, district, city or other political unit to mosquito, sand fly and other arthropod controls as set forth in s 388.411, F.S. 1983.
 2. In the absence of any express or implied statutory authority extant in Ch. 388, F.S., the Department of Health and Rehabilitative is not empowered to impose administrative fines or sanctions for violations of Ch. 388, F.S.
 3. The Department of Health and Rehabilitative Services possesses no authority to impose administrative fines or sanctions for violations of Ch. 388, F.S., pursuant to Chapter 10D-54, F.A.C., or 7 U.S.C. Ch. 6 ss 136 et seq., the Federal Insecticide, Fungicide, and Rodenticide Act.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General