Mr. Leonard R. Mellon Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32301
Dear Mr. Mellon:
This is in response to your request for an Attorney General's Opinion on the following questions:
 1. WITHIN THE CONTEXT OF A ROTATION CALL SYSTEM WHEREIN OPERATORS ARE CALLED IN SUCCESSION FROM A LIST, DOES THE DEPARTMENT HAVE THE AUTHORITY UNDER s. 321.051, F.S., TO ADOPT RULES PROVIDING FOR THE FOLLOWING:
A. STORAGE REQUIREMENTS FOR TOWED VEHICLES;
 B. THE MINIMUM NUMBER OF TOW TRUCKS THAT AN OPERATOR MUST HAVE TO BE ELIGIBLE FOR USE IN THE SYSTEM;
 C. MINIMUM RATES FOR TOWING AND STORAGE SERVICES AND PROVIDING FOR RATE DISCLOSURE?
 2. DOES s. 321.051, F.S., AUTHORIZE THE DEPARTMENT TO ESTABLISH A FRANCHISE SYSTEM FOR UTILIZING WRECKER SERVICES WHEREBY AN EXCLUSIVE CONTRACT, WHICH INCLUDES RECOGNIZED SAFETY AND MECHANICAL STANDARDS, IS AWARDED TO AN OPERATOR FOR A CERTAIN ZONE BASED ON A SET FEE OR PERCENTAGE OF REVENUES PAYABLE TO THE DEPARTMENT AND WHICH PROVIDES FOR MAXIMUM FEES TO BE CHARGED THE PUBLIC FOR TOWING AND STORAGE SERVICES?
 3. DOES s. 321.051, F.S., AUTHORIZE THE DEPARTMENT TO ESTABLISH A LOW BID CONTRACT SYSTEM FOR A PARTICULAR ZONE WHEREBY WRECKER SERVICE IS AWARDED TO THE OPERATOR OFFERING THE LOWEST FEE FOR TOWING AND STORAGE?
As your questions are interrelated, they will be answered together.
It is a principle recognized by the courts of this state and by this office that an administrative agency possesses no power not granted by statute and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof. State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A.Fla., 1974), cert. dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc. of Florida, 281 So.2d 493 (Fla. 1973); AGO's 74-352, 83-88. The powers of administrative agencies must affirmatively appear from the enactment under which they claim to act. See generally, 73 C.J.S. Public Administrative Law and Procedure s. 50, p. 498. An agency may not enlarge its authority beyond that provided in the statutory grant. State, Department of Environmental Regulation v. Falls Chase Special Taxing District,424 So.2d 787 (1 D.C.A.Fla., 1982), pet. for rev. den.,436 So.2d 98 (Fla. 1983); Swebilius v. Florida Construction Industry Licensing Board, 365 So.2d 1069 (1 D.C.A.Fla., 1979); Florida Department of Law Enforcement v. Hinson, 429 So.2d 723 (1 D.C.A.Fla., 1983). See generally, 73 C.J.S. Public Administrative Law and Procedure s. 52.a. While an administrative agency possesses implied powers necessary to carry out those duties and powers expressly granted, such implied powers accorded an administrative agency must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers which are expressly granted. See, 1 Am.Jur.2d Administrative Law and Procedure s. 33, p. 846; State v. Atlantic Coast Line R. Co.,47 So. 969 (Fla. 1908); Keating v. State ex rel. Ausebel, 167 So.2d 46
(1 D.C.A.Fla., 1964); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75 (1 D.C.A.Fla., 1974); St. Regis Paper Company v. State, 237 So.2d 797 (1 D.C.A.Fla., 1970); and Williams v. Florida Real Estate Commission, 232 So.2d 239 (4 D.C.A.Fla., 1970). And see, Molwin Inv. Co. v. Turner, 167 So. 33
(Fla. 1936) (express power duly conferred may include implied authority to use means necessary to make express power effective, but such implied power may not warrant the exercise of a substantive power not conferred); AGO 73-375.
Thus, any authority or power which the Division of Florida Highway Patrol, Department of Highway Safety and Motor Vehicles, seeks to exercise in promulgating administrative rules or establishing a wrecker operator system must affirmatively appear from the provisions of s. 321.051, F.S., or be necessarily implied therefrom.
Section 321.051, F.S., provides as follows:
 The Division of Florida Highway Patrol of the Department of Highway Safety and Motor Vehicles is authorized to establish within areas designated by the patrol a system utilizing qualified, reputable wrecker operators for removal of wrecked or disabled vehicles from an accident scene or for removal of abandoned vehicles, in the event the owner or operator is incapacitated or unavailable or leaves the procurement of wrecker service to the officer at the scene. All reputable wrecker operators shall be eligible for use in the system provided their equipment and drivers meet recognized safety qualifications and mechanical standards set by rules of the Division of Florida Highway Patrol for the size of vehicle it is designed to handle. (e.s.)
It is a well recognized rule of statutory construction that the mention of one thing implies the exclusion of another, that is, expressio unius est exclusio alterius. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned. See, Thayer v. State, 335 So.2d 815 (Fla. 1976); Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands,19 So.2d 234 (Fla. 1944).
Applying this principle to the instant inquiry, I am unable to conclude, based on the language of s. 321.051, F.S., which empowers the Department of Highway Safety and Motor Vehicles to establish a wrecker operator system only "for removal of wrecked or disabled vehicles" (e.s.) utilizing qualified, reputable operators, that this statute authorizes the department to promulgate rules governing storage requirements for towed vehicles, nor can I conclude that such authority is necessarily or reasonably implied from the mandate in s. 321.051, F.S., that the department establish a wrecker operator system for the removal of vehicles.
It is the rule that a statute should be interpreted to give effect to every clause in it and to accord meaning and harmony to all its parts. State ex rel. City of Casselberry v. Mager, 356 So.2d 267
(Fla. 1978). It is a cardinal rule of statutory construction that the entire statute under consideration must be considered in determining the legislative intent and effect must be given to every part of the section and every part of the statute as a whole and, from a view of the whole law in pari materia, the court will determine the legislative intent. State v. Gale Distributors, Inc., 349 So.2d 150 (Fla. 1977). Thus, the requirement expressed in the first sentence of s. 321.051, F.S., that the department establish "a system utilizing qualified, reputable wrecker operators for removal of wrecked or disabled vehicles" under specified circumstances must be read and harmonized with the statutory directive that "[a]ll reputable wrecker operators shall be eligible for use in the system" provided their equipment and drivers meet certain mechanical standards and safety qualifications set by rules of the department. (e.s.)
The word "all," when used with a plural noun (operators) means "[e]very member or individual component of; each one of." Black's Law Dictionary 98 (rev. 4th ed. 1968). And see, 3A C.J.S. All p. 243, stating that "`All' does not necessarily mean absolutely all, but is frequently used to signify all of a particular class, being used in this respect as a word ejusdem generis" and, at p. 244, "[t]he word `all' is defined as meaning each one of; each, each and every, or each or every one of; every, every one, every one of, every one of which, or every part; every member or individual component of. . . ." (e.s.)
Relying on this reasoning, I must conclude that the department is not authorized by s. 321.051, F.S., to promulgate rules designed to limit participation in a wrecker operator system by establishing the minimum number of tow trucks that an operator must have to be eligible for use in such a system, nor does it appear that the statute affirmatively authorizes the department to adopt a rule establishing minimum rates for towing and storage and providing for rate disclosure. The statute specifically sets forth what general criteria the department may utilize to determine participation in the system: the wrecker operator must be reputable and equipment and drivers must meet recognized safety qualifications and mechanical standards set by the Division of Florida Highway Patrol for the size of vehicle it is designed to handle. It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. Alsop v. Pierce, supra; Dobbs v. Sea Isle Hotel, supra; Thayer v. State, supra. Applying this principle of construction to s. 321.051, F.S., the statute enumerates those factors upon which the Division of Florida Highway Patrol may base participation in the wrecker operator system and consideration of other factors or criteria is prohibited. Thus, the only criteria or basis for limiting participation in such a system has been prescribed by the Legislature to be reputability and the appropriateness of equipment and drivers based on mechanical standards and safety qualifications set by the Division of Highway Safety and Motor Vehicles and any limitation of participation must be founded on these factors alone. Therefore, in the absence of such factors, a rule establishing the minimum number of tow trucks that a wrecker operator must own or the minimum rates for towing and storage and providing for rate disclosure in order to participate in a wrecker operator system established pursuant to s. 321.051, F.S., would not appear to be authorized.
Further, it would appear that a wrecker system in which "[a]ll reputable wrecker operators shall be eligible for use" provided their equipment and drivers meet certain safety qualifications and mechanical standards, would provide for participation by every member or individual component of the system who meets the required standards and qualifications. Neither a franchise system utilizing wrecker services whereby an exclusive contract is awarded to an operator for a certain zone nor a low bid contract system in which the wrecker operator offering the lowest fees is awarded an exclusive contract for a particular zone appears to satisfy the statutory requirement that "[a]ll reputable wrecker operators shall be eligible for use in the system. . . ." Therefore, such wrecker operator system as a franchise system or a low bid contract system does not appear to represent such wrecker operator system as is contemplated by s. 321.051, F.S.
Moreover, an examination of the title of the act creating s.321.051, F.S., supports the conclusion that the department is not authorized to establish either a franchise system or a low bid contract system. It is the rule that the intent of a statute as ascertained from the language thereof is the law. See, e.g., State ex rel. Davis v. Knight, 124 So. 461 (Fla. 1929); Pillans Smith Co. v. Lowe, 157 So. 649 (Fla. 1934). To determine legislative intent, the act as a whole, including its title, must be considered and given due effect. See, e.g., Foley v. State ex rel. Gordon, 50 So.2d 179 (Fla. 1951); State v. Webb, 398 So.2d 820
(Fla. 1981); Parker v. State, 406 So.2d 1089 (Fla. 1982); Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1 D.C.A.Fla., 1976). While the title to an act cannot be relied upon to add to or extend the operation of the act, it may serve to aid in the construction of the body of the act and as evidence of the legislative intent. State v. Yeats, 77 So. 262 (Fla. 1917). And see, Parker v. State, supra; Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1 D.C.A.Fla., 1976). The title to Ch. 80-402, Laws of Florida, which created s. 321.051, F.S., states that it is
 An act relating to maintenance of an approved wrecker system of call allocation; . . . providing authority to the Florida Highway Patrol for maintenance of such lists for call to accident scenes or removal of abandoned vehicles when owner or operator incapacitated, unavailable or leaves decision to officer; providing guidelines for entry and retention on the system of call allocation;. . . . (e.s.)
The intent of s. 321.051, F.S., as ascertained from the language of the statute itself and a consideration of the title to Ch. 80-402, Laws of Florida, appears to be that the Division of Florida Highway Patrol establish a wrecker operator system of call rotation or allocation in which all reputable wrecker operators are eligible provided their equipment and drivers meet recognized safety qualifications and mechanical standards set by rules of the division for the size of the vehicle which they are to handle.
In sum, it is my opinion that the Division of Highway Patrol is not authorized by s. 321.051, F.S., within the context of a call rotation system to promulgate rules governing storage requirements for towed vehicles, or to provide by rule for the minimum number of tow trucks that a wrecker operator must have to be eligible to participate in the wrecker operator system established by the division, or to establish minimum rates for towing and storage services and provide for rate disclosure by rule. The legislative intent of s. 321.051, F.S., appears to contemplate the development of a call rotation or allocation wrecker operator system in which all reputable wrecker operators may participate if their drivers and equipment meet recognized safety qualifications and mechanical standards as prescribed by the division and such section would not authorize the division to establish either a franchise system or a low bid contract system as the wrecker operator system described in s. 321.051, F.S.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General