Mr. Thomas A. Bustin County Attorney Alachua County Post Office Drawer CC Gainesville, Florida 32602
Dear Mr. Bustin:
You have asked for my opinion on substantially the following question:
Does the reference to special laws contained in s. 1(g), Art. VIII, State Const., apply to all types of special laws, including those prescribing a method of annexation by municipalities or only to those special laws, including which affect the powers of charter counties?
In sum:
The special laws referred to in s. 1(g), Art. VIII, State Const., are those which relate to local self government of charter counties, that is, those which accomplish such things as adopting or amending or adding powers or limitations to county charters.
Sections 1(a), (c), (f), and (g), Art. VIII, State Const., provide for the constitutional structure and scheme of county government.
Section 1(g), Art, VIII, State Const., is a broad grant of power to charter counties:
Counties operating under county charters shall have all powers of local self-government not inconsistent with general law, or with special law approved by vote of the electors. The governing body of a county operating under a charter may enact county ordinance not inconsistent with general law. The charter shall provide which shall prevail in the event of conflict between county and municipal ordinances.
By its terms, the constitutional provision relates to local selfgovernment by charter counties. As this office stated in AGO 81-7, the reference in s. 1(g) to a "special law approved by vote of the electors" would seem to concern those special laws adopting or amending or adding powers or limitations to county charters, which organic documents contain and prescribe the powers, or limitations on powers, of charter counties.[1]
Thus, in AGO 81-7 it was concluded that if a county
adopts a charter form of county government under s. 1(c), Art. VIII, State Const., its governing body will possess no constitutional authority to amend or repeal or supersede or alter by county ordinance any existing and effective special law relating to the county and the incorporated areas therein, except for those local and special laws relating only to the unincorporated area of the county in force and effect on the effective date of Art. VIII which, pursuant to s. 6(d), Art. VIII, may be amended or repealed by county ordinance.[2] (e.s.)
The legislative power delegated by s. 1(g), Art. VIII, State Const., to enact ordinances not inconsistent with general law (to conduct county government) does not carry with it the authority to enact ordinances amending or repealing laws enacted by the State Legislature or any part or parts thereof. The power granted to provide by charter for the precedence of county ordinances over municipal ordinances does not include the power to provide by charter for the precedence of county ordinances over laws enacted by the State Legislature, or delegate any such power to enact, amend of repeal state laws. Nor does the implemental legislation for this constitutional provision, Parts II and IV, Ch. 125, F.S., authorize or delegate such power to counties.[3]
Unless a different interest is clearly manifested, constitutional provisions are to be interpreted in reference to their relation to each other, that is in pari materia, since every provision was inserted with a definite purpose.[4] Thus, subsection (g) should be read together with the other subsections of s. 1, Art. VIII, State Const., to establish a constitutionally prescribed scheme or plan relating to county government.[5]
While the title of an act is not part of the basic act, it has the function of defining the scope of the act.[6] A court may look to the title of an act to aid in the interpretation of the act, but the meaning may not be enlarged by the title.[7] Thus, the designation of s. 1, Art. VIII, State Const., by its title as relating to counties may be considered to prescribe the scope of the provision itself and the subparts thereof.[8]
Utilizing these rules of construction, it is my opinion that the reference in s. 1(g), Art. VIII, State Const., to special laws relates to special laws which address issues of self-government by charter counties such as those adopting or amending or adding powers of limitations to county charters.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See also, AGO 71-109 (a home rule charter is simply a redistribution of the state's sovereign powers between the state and the county which delegates to the local governments the power to legislate only in matters of purely local concern.)
[2] Cf., AGO 81-55 (a charter county government, established pursuant to s. 1[c], Art. VIII, State Const., and implemental general law had no constitutional or statutory power to enact a county ordinance to amend or repeal any special act creating and establishing an independent special district that is separate from such charter county government, with county-wide jurisdiction and whose enabling legislation is of county-wide force and effect); AGO 79-109 (a charter county has no authority to enact an ordinance which would permit a county consumer protection board to impose a civil penalty for violations of that board's cease and desist orders which would be an implicit exception from or nullification of s. 18, Art. I, State Const.); and AGO 71-109 (county home rule charter may not vary the terms of general state law on the composition of the school board, may not provide for an appointive instead of elective superintendent, and may not otherwise make changes in the administration of the free public school system, a home rule charter being simply a redistribution of the state's sovereign powers between the state and county).
[3] Attorney General Opinion 81-7.
[4] Burnsed v. Seaboard Coastline Railroad Company, 290 So.2d 13
(Fla. 1974).
[5] See, Commentary on Art. VIII, s. 1, 26A F.S.A. 268-270.
[6] Finn v. Finn, 312 So.2d 726 (Fla. 1975).
[7] Cook v. Blazer Financial Services, Inc., 332 So.2d 677 (1 D.C.A. Fla., 1976).
[8] In general, principles of construction applicable to statutes are also applicable to Constitutions, but not to the extent of defeating the purposes for which a Constitution is drawn. See, State ex. rel. McKay v. Keller, 191 So. 542 (Fla. 1939); and see generally, 16 C.J.S. Constitutional Law s. 19.