THOMAS, J.,
dissenting.
I respectfully dissent. By interpreting the statute as a whole and properly applying the appropriate canons of statutory construction, we should hold that the statute of repose does not apply to limit eligibility to temporary disability benefits. See State v. Webb, 398 So.2d 820, 824 (Fla.1981) (“To determine legislative intent, we must consider the act as a whole[.]”); see generally Scalia & Garner, Reading Law: The Interpretation of Legal Texts 156, 221 (1st Ed. 2012) (discussing canons of statutory construction known as the “Scope-of-Subparts Canon” and “Title-and-Headings Canon”).
Applying the “Scope-of-Subparts Canon,” sub-subsection 440.15(3)(c), Florida Statutes (2002), would apply only to subsection (3), not to the rest of section 440.15. See Scalia & Garner, 156 (“In the following passage [illustrated], ... the if-clause in subpart (C) relates only to (C).”). *1065 Further, in applying the “Title-and-Headings Canon,” the headings of both subsection 440.15(3) (“Permanent impairment and wage-loss benefits”) and sub-subsection 440.15(3)(c) (“Duration of temporary impairment, and supplemental income benefits”) would limit the application of the sentence in sub-subsection 440.15(3)(c) to impairment and supplemental benefits. Statutory headings are evidence of legislative intent. Webb, 398 So.2d at 824-25 (“In determining legislative intent, we must give due weight and effect to the title of section 901.151, Florida Statutes (1977), which was placed at the beginning of the section by the legislature itself. The title is more than an index to what the section is about or has reference to; it is a direct statement by the legislature of its intent.”); Scalia & Garner, 221 (“In modem practice, however, ‘the title is adopted by the legislature.’ ”).
Because the 401-week limit is found only in a sub-subsection of subsection 440.15(3), which sub-subsection pertains to impairment benefits and supplemental benefits (which are benefits paid for a temporary period only), the 401-week limitation in sub-subsection 440.15(3)(c) applies only to impairment and supplemental income benefits, and does not limit temporary total disability or temporary partial disability benefits. Cf. Cook v. Blazer Fin. Servs., Inc., 332 So.2d 677, 679 (Fla. 1st DCA 1976) (“A court may look to the title of an act to aid in the interpretation of the act but the meaning may not be enlarged by the title.”).
In addition to the above analysis, administrative code rules indicate the Division of Workers’ Compensation seemingly applies the 401-week limitation to supplemental benefits, but not temporary disability benefits. Compare Fla. Admin. Code R. 69L-3.0191 (titled “Temporary Disability Benefits (Dates of Accident January 1, 1994 through September 30, 2003)”) with Fla. Admin. Code R. 69L-3.0193(5) (titled “Supplemental Income Benefits (Dates of Accident January 1, 1994 through September 30, 2003)”). We should give deference to the agency’s interpretation which is relevant here. See Okeechobee Health Care v. Collins, 726 So.2d 775, 778 (Fla. 1st DCA 1998) (“A reviewing court properly defers on questions of statutory interpretation to the agency to which the Legislature has given the responsibility and authority to administer the statute, unless the interpretation is clearly erroneous.”).
Finally, both subsections 440.15(2) and (4) contain express limitations on the duration of temporary benefits (a combined total of 104 weeks) with no cross-reference to the 401-week limitation found in sub-subsection 440.15(3)(c). This further indicates the Legislature’s intent that the 401-week statute of repose does not apply to temporary total or temporary partial disability benefits, but only to impairment income and supplemental benefits, which are not at issue here.
We should reverse the JCC’s ruling and remand with directions to order Appellees to provide Appellant with the temporary disability benefits to which he is entitled under law.